468 So.2d 284 (1985)
STATE of Florida, Appellant,
v.
Tommy T. KAHMKE, Appellee.
STATE of Florida, Appellant,
v.
Allan Leo TOON, Appellee.
Nos. AZ-188, AZ-189.
District Court of Appeal of Florida, First District.
March 14, 1985.
Rehearing Denied May 7, 1985.
*285 Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellant.
Michael L. Edwards and Gene T. Moss, Jacksonville, for appellee Tommy T. Kahmke.
Lewis H. Buzzell, III, and Glenn K. Allen, Jacksonville, for appellee Allan Leo Toon.
SHIVERS, Judge.
The State appeals dismissal of information filed against each defendant. The appeal also raises, inter alia, the trial court's rulings on pretrial matters.
These cases were consolidated for oral argument as the point on appeal in each case is identical.
The defendants were charged in separate informations with the sale of lysergic acid diethylamide (LSD) in Duval County. Two key State witnesses were employed by the United States Navy Investigative Services (USNIS), but were shortly thereafter transferred from Duval County. Although the State attempted to furnish the defendants with current addresses and make the witnesses available for discovery, on the trial date, the defendants had not been able to depose these witnesses and the witnesses were not present. The trial court continued the case for one day at the State's request. The following day the trial court refused to continue the case for one week so the State could make these witnesses available, and granted the defendants' motions to exclude the testimony of these witnesses. The State thereupon entered a nolle prosequi (nolle prosse) in each case.
Three days later the State filed informations against each of these defendants, the same as those originally filed.
The defendants moved for a dismissal or imposition of sanctions at the arraignment, arguing that the State had in effect granted itself a continuance. The trial court agreed and dismissed the informations.
The State appeals the dismissal of the new informations and also asserts the trial court abused its discretion in denying the State's motion for a continuance and in granting the defendants' motions for sanctions.
The State had a right to nolle prosse. A nolle prosequi may be filed at any time prior to the swearing in of the jury. State v. Sokol, 208 So.2d 156 (Fla. 3d DCA 1968). State v. Braden, 375 So.2d 49 (Fla. 2d DCA 1979). Permission of the trial court is not necessary, because the decision to file a nolle prosse is within the sole discretion of the State. State v. Braden, supra, at 50; and State v. Wells, 277 So.2d 543 (Fla. 3d DCA 1973).
Since the actions of the State were authorized, it was an abuse of discretion to dismiss the informations.
The sanctions excluding the witnesses do not carry over to the new proceedings, but the State is required to comply with any *286 appropriate discovery orders which may be entered.
The dismissal of each case is reversed and remanded for further proceedings.
REVERSED and REMANDED.
BOOTH and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellee Toon has called our attention to the statement in our opinion that Mr. Toon moved for imposition of sanctions at arraignment on the second informations filed after the first informations were nolle prossed. Mr. Toon correctly asserts that he successfully moved to dismiss the second information at that time, but did not, at that time (May 3, 1984), request the imposition of sanctions. Mr. Toon's motion for the imposition of sanctions against the State was made on April 24, 1984, immediately following the trial court's denial of the State's motion for continuance.
With this correction, we adhere to our original opinion and the motion for rehearing is DENIED.
BOOTH and ZEHMER, JJ., concur.