PER CURIAM.
Appellant was convicted of first degree murder, robbery with a deadly weapon, burglary with an assault or while armed with a dangerous weapon, and grand theft. The court sentenced him to consecutive terms of life imprisonment with a twenty-five year mandatory minimum for the first degree murder, seventy-five years imprisonment for the robbery, and seventy-five years imprisonment for the burglary. Appellant’s substantive issues are without merit; however, the judgment and sentences are incongruous with the proceedings below.
The conviction for grand theft cannot stand because the grand theft count in the indictment was nol-prossed in open court. The written sentences for robbery and burglary reflect twenty-five year mandatory minimums for drug trafficking, but the offenses for which appellant was charged and convicted did not involve *543 drugs. Thus, the twenty-five year mandatory mínimums on these two sentences must be stricken from the written orders.
The trial court also erred in retaining jurisdiction over one-third of the robbery sentence and one-third of the burglary sentence. The written sentences must be changed to indicate that jurisdiction was retained over one-third of the total consecutive sentences imposed. § 947.16(3), Fla. Stat. (1983); Martin v. State, 452 So.2d 338 (Fla. 2d DCA 1984).
We reverse the conviction for grand theft and remand the case for correction of the written sentences for robbery and burglary.
GRIMES, A.C.J., and SCHEB and HALL, JJ., concur.