PER CURIAM.
Y.S. appeals from an order of delinquency. For the following reason, we reverse.
Y.S. was charged with misdemeanor battery under section 784.03, Florida Statutes (1991). Y.S. appeared for a sounding before the trial court on April 21, 1992. During the adjudicatory hearing on June 25, the prosecution announced that it would nolle prosequi as the victim had failed to appear. Shortly thereafter, the victim appeared and the trial judge allowed the prosecution to rescind its nolle prosequi. Y.S. entered a plea of no contest and reserved the right to appeal the granting of the motion to rescind the nolle prosequi.
*246 Because the nolle prosequi was announced more than forty-five days after the child was taken into custody, section 39.048(6), Florida Statutes (1991), precluded the refiling of the delinquency petition.. See State v. Vazquez, 450 So.2d 203 (Fla.1984) (entry of nolle prosequi amounts to a nullification of the information and renders nugatory all subsequent proceedings under the same information); State v. S.M.F., 546 So.2d 20 (Fla. 3d DCA 1989) (dismissal of charges was error because prosecution could have entered a nollo prosequi to the charges and re-filed later; however, the prosecution had to comply with the speedy trial requirements).
Reversed and remanded with instructions to discharge.