THREADGILL, Judge.
R.G., a juvenile, appeals an adjudication of delinquency and commitment for grand theft. He challenges the denial of his motion to dismiss the delinquency petition. Because the delinquency petition was not *283 filed within forty-five days of custody and no extension of time was granted, we reverse.
R.G. was taken into custody on April BO, 1993. On May 24, 1993, the state filed a delinquency petition charging him with grand theft of a motor vehicle. For reasons not apparent on the record, the state nolle prossed the charge on August 26,1993. The following day, the state filed a second petition alleging the same offense. At the adjudicatory hearing on October 28, 1993, R.G. orally moved to dismiss the petition on the ground it was not filed within the forty-five day statutory period of section 39.048(6), Florida Statutes (1991).[1] The trial court denied the motion to dismiss, finding it untimely under Florida Rule of Juvenile Procedure 8.085(a)(5), which provides:
Any motion to suppress, sever, or dismiss shall be made prior to the date of the adjudicatory hearing unless an opportunity to make such motion previously did not exist or the party making the motion was not aware of the grounds for the motion.
A juvenile can knowingly and voluntarily waive his right to have a delinquency petition filed against him within the statutory period. R.F.R. v. State, 558 So.2d 1084 (Fla. 1st DCA 1990). There was, however, no knowing or voluntary waiver in this case. Section 39.048(6), Florida Statutes (1991), grants a juvenile a substantive right, and substantive statutes supersede procedural rules. See S.R v. State, 346 So.2d 1018 (Fla.1977); see also D.C.W. v. State, 445 So.2d 333 (Fla.1984). Therefore, dismissal of the delinquency petition was mandatory in this case if the petition was filed after the expiration of the statutory period. 346 So.2d at 1019.
In Y.S. v. State, 620 So.2d 245 (Fla. 3d DCA 1993), the Third District held that section 39.048(6), Florida Statutes (1991), precluded the refiling of a delinquency petition where the charge had been nolle prossed more than forty-five days after the child was taken into custody. As in Y.S., the original petition in this case was nolle prossed. Thus, the subsequent petition began a new prosecution even if for the same offense. Cf. State v. Vazquez, 450 So.2d 203, 204 (Fla.1984) (nolle prosequi amounts to nullification of information and renders nugatory any proceedings carried on subsequently under same information).
We find distinguishable those cases which have held that the filing of the original petition within forty-five days of custody tolls the limitation period. See, e.g., Rubin v. State, 390 So.2d 322 (Fla.1980); L.G.R. v. State, 485 So.2d 13 (Fla. 3d DCA 1986); State v. Garofalo, 453 So.2d 905 (Fla. 4th DCA 1984). In those cases, the state did not enter notices of nolle prosequi. Instead, the charging documents were refiled or amended to correct inaccuracies. Thus the subsequent documents were sufficiently linked to the original charging documents so as to constitute continuations of the original prosecutions.
We therefore reverse the adjudication and commitment for grand theft and remand with directions that R.G. be discharged. We need not discuss R.G.’s remaining point on appeal.
Reversed and remanded.
DANAHY, A.C.J., and LAZZARA, J., concur.

. Section 39.048(6), Florida Statutes (1991), states: "On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it is not filed within 45 days after the date the child is taken into custody. The court may grant an extension of time not exceeding an additional 15 days for cause, upon motion by the state attorney.”