658 So.2d 660 (1995)
The STATE of Florida, Petitioner,
v.
J.B. SPENCE, Respondent.
Nos. 95-1507, 95-1508.
District Court of Appeal of Florida, Third District.
August 2, 1995.
Robert A. Butterworth, Atty. Gen.; Katherine Fernandez Rundle, State Atty., and Anita J. Gay, Asst. State Atty., for petitioner.
Joel Hirschhorn and Brian H. Bieber, for respondent.
Before NESBITT, JORGENSON and COPE, JJ.
PER CURIAM.
In these consolidated petitions for common law certiorari, the state seeks to quash two pretrial orders entered by the trial court, one excluding evidence of other crimes, wrongs, or acts, under Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and the second excluding expert testimony of battered spouse syndrome. We have jurisdiction. State v. Pettis, 520 So.2d 250 (Fla. 1988).
The defendant was taken into custody on September 17, 1994, and subsequently charged with aggravated battery in violation of section 784.05, Florida Statutes (1993). Thereafter, he waived his right to be tried within the speedy trial period. At a hearing on March 10, 1995, a discussion ensued regarding the state's intention to have an expert testify on the issue of battered spouse syndrome. The trial judge presiding over the matter stated that he was probably not going to permit the witness to testify unless the expert had evaluated a key witness in the case. Nonetheless, on April 25, 1995, the state filed a motion to admit the expert's testimony. A written order excluding the testimony was rendered the same day.
During this same period, on March 21, 1995, the state filed a supplemental notice of intent to rely on similar fact evidence. Williams, 110 So.2d at 654. The defendant filed a motion to exclude and the matter was *661 heard by the trial court on March 21, 1995. Subsequently, the state filed a statement of particulars outlining previous incidents of similar fact evidence it intended to introduce at trial. The defendant filed a motion to strike. On April 13, 1995, the collateral evidence outlined in the bill of particulars was argued to the court. The court allowed evidence only as to several of the listed incidents. On the morning of the trial, April 25, 1995, the trial court entered a written order embodying its previous ruling on this evidence. The state then moved ore tenus for a continuance which was denied, following which, and crucial to our determination, the state nol prossed the information.
Several weeks later, on May 18, 1995, the state refiled a new information against the defendant. Thereafter, on May 24, 1995, it filed the separate applications for common law certiorari here challenging the entry of each of the two orders outlined above. It is clear that upon the May 18, 1995 refiling of a separate information, the same crime was alleged. The April 25, 1995 rulings challenged here have no carryover effect upon the new information. State v. Vazquez, 450 So.2d 203 (Fla. 1984). Even though the new case may constitute an identical allegation, it nonetheless constitutes a separate case and we cannot reach back and rule and determine the validity of orders entered in a previous case that is no longer in existence.
Upon the state's announcement of a nol pros of the information, which was self-executing, the case was effectively nullified and the proceeding terminated. See Y.S. v. State, 620 So.2d 245, 246 (Fla. 3d DCA 1993). Consequently, the attempt to have this court review the two April 25, 1995 rulings on certiorari here, is the request for a futile act. Our announcement can have no practical effect or alter the outcome of those earlier determinations and we do not issue advisory opinions. The filing of the nolle pros by the state may have awesome consequences which should be contemplated before such action is taken. Should the state desire to procure rulings upon the matters at issue, it should bring those matters up for hearing, determination, and written order. We have prepared this opinion to point out the pitfall in the course of action taken by the state in the instant case.
Accordingly, on the analysis outlined above, the consolidated petitions for common law certiorari are denied.