833 So.2d 882 (2003)
Joseph WISE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4193.
District Court of Appeal of Florida, Second District.
January 10, 2003.
Robert W. Attridge, Jr., of Attridge, Cohen & Lucas, New Port Richey, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Joseph Wise challenges his conviction and sentence for lewd and lascivious act in the presence of a child under the age of sixteen. Although Wise raises several issues, because we conclude that the trial court erred in instructing the jury, we reverse without addressing Wise's other arguments.
The information charging Wise stated that he:
knowingly did commit a lewd and lascivious act in the presence of [A.P.], a child under the age of sixteen years, by willfully and knowingly exposing the penis of Joseph Wise to the view of the said [A.P.], and by soliciting and procuring the said [A.P.] to touch, feel or hold the exposed penis of Joseph Wise, which act as stated was lewd and lascivious in the presence of the said child ... but without committing the crime of sexual battery....
The information then stated that Wise's actions were contrary to section 800.04(2), Florida Statutes (1997).
Section 800.04 provides:
A person who:
(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or

*883 (4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
Without committing the crime of sexual battery, commits a felony of the second degree ....
At trial, the trial court instructed the jury:
Before you can find the defendant guilty ... the State must prove the following... Joseph Wise committed upon [A.P.], or forced or enticed [A.P.] to commit masturbation, or Joseph Wise committed an act, or forced or enticed [A.P.] to commit an act in which the penis of Joseph Wise penetrated or had union with the mouth of [A.P.], or Joseph Wise knowingly committed a lewd or lascivious act in the presence of [A.P.].
Although the charging document cited section 800.04(2), and arguably included the language of subsection (4), by including the instruction on penetration or union with the mouth, the trial court instructed the jury on subsection (3).[1] Because Wise was not charged under subsection (3), and because the jury's verdict was a general verdict that did not specify the theory by which it found Wise guilty, it was reversible error to include the instruction. See O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997).
In O'Bryan, the defendant was alternately charged under subsections (1) and (4) of section 800.04, but the trial court instructed the jury on subsections (1) and (2). The First District held that it was fundamental error to instruct the jury on a crime not charged and that the resulting verdict was a nullity. Based on O'Bryan, the verdict here is a nullity, and we therefore reverse Wise's conviction.
Reversed and remanded for new trial.
CASANUEVA and KELLY, JJ., Concur.
NOTES
[1] Section 794.011(1)(h), Florida Statutes (1997), defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another ...."