THREADGILL, EDWARD F., Senior Judge.
Robert K. Horne challenges his two convictions for soliciting his son, who was under the age of eighteen, to engage in sexual acts with Horne’s wife. He also challenges his conviction for committing a lewd and lascivious act in the presence of his son. Finally, he challenges his guide *647 lines departure sentence. We reverse in part and affirm in part.
The State charged Horne by second amended information with seven counts, only three of which, counts I, II, and III, were tried together and are at issue in this appeal. Count I charged that during the relevant time period, Horne
did unlawfully engage in an act which constitutes sexual battery with [his son], a child of 12 years of age or older but less than 18 years of age, while [Horne] was in a position of familial or custodial authority over [his son] in that the penis of [his son] united with or penetrated the sexual organ of [Horne’s wife], contrary to Florida Statute 794.011. (1 DEG FEL) (LEVEL 9).
Count II charged that Horne, during the same time period,
did unlawfully engage in an act which constitutes sexual battery with [his son], a child 12 years of age or older but less than 18 years of age, while [Horne] was in a position of familial or custodial authority over [his son] in that the penis of [his son] had union with or penetrated the mouth of [Horne’s wife], contrary to Florida Statute 794.011. (1 DEG FEL) (LEVEL 9). '
Count III charged that Horne did unlawfully and knowingly commit a lewd or lascivious act in the presence of [his son], a child under the age of 16 years, in that the penis of [Horne] penetrated or had union with the vagina of [Horne’s wife] in the presence of [his son], contrary to Florida Statute 800.04. (2 DEG FEL) (LEVEL 7).
The pertinent portions of section 794.011(8), Florida Statutes (2000), read:
Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:
(a) Solicits that person to engage in any act which would constitute sexual battery under paragraph (l)(h) commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) Engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (l)(h) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Although the information did not specify under which subsection it charged Horne, the language used in counts I and II clearly tracks subsection (b), which refers to “engages in,” not subsection (a), which refers to “solicits.” The State argues that even though Horne’s acts appeared to fall within the dictates of subsection (a) (soliciting), the State charged Horne under subsection (b) (engaging in) due to Horne’s role as “director” of the activity, which made him a principal under section 777.011, Florida Statutes (2000).
After the State presented evidence and both sides rested, the defense moved for judgment of acquittal, arguing as to counts I and II that Horne could not be charged as a principal under subsection (b) because in order for Horne to be guilty as a principal, his wife, as the alleged actor, was statutorily required to be in a position of familial or custodial authority over the son, and the State had presented insufficient evidence of same.
Although not persuaded that the principal theory applied, given the State’s failure to allege a custodial or familial relationship between the son and the wife, the court concluded that the charging document was not fatally flawed because the case could still proceed under section 794.011(8)(a) *648 (soliciting), which the court deemed to be a lesser included offense of section 794.011(8)(b) (engaging in). The court instructed the jury under subsection (a) (soliciting) over defense counsel’s objection that this was an improper charge because the information had not charged Horne under subsection (a). The jury returned a verdict finding Horne guilty of both counts under subsection (a) (soliciting).
In arguing for judgment of acquittal as to count III, which charged Horne with committing a lewd or lascivious act in the presence of his son, counsel argued that there was no testimony that Horne knew that his son was still in the room when the act occurred and that, in fact, Horne had told his son to go to the bathroom. However, the record shows that the son testified that he was told to go clean himself up and that when he returned, Horne and his wife were having sexual intercourse. The court concluded that the evidence was sufficient to go to the jury on that count. We agree.
A motion for judgment of acquittal should not be granted unless the evidence is such that no view which the jury may take of it favorable to the opposite party can be sustained under the law. Orme v. State, 677 So.2d 258, 262 (Fla.1996); Lynch v. State, 293 So.2d 44, 45 (Fla.1974). The court here erred in denying judgment of acquittal as to counts I and II because there was no view that the jury could lawfully take to support a conviction under section 794.011(8)(b) (engaging in), the section under which Horne was charged.
The trial court declined to grant the judgment of acquittal because it concluded that section 794.011(8)(a) was a lesser included offense of section 794.011(8)(b). This was error. The Florida Standard Jury Instructions (Criminal) (11.5 and 11.6), list no category one or category two lessers for either section 794.011(8)(a) or section 794.011(8)(b). An offense may be a permissive lesser of another offense “if the elements [are] alleged in the accusatory pleading and [are] supported by the evidence adduced at trial.” L.F. v. State, 694 So.2d 840, 840 (Fla. 2d DCA 1997). The elements of section 794.011(8)(a) were not alleged in the information here. The information did not allege that Horne commanded, encouraged, hired, requested, tried to induce, or solicited his wife or son to have sexual relations. Rather, it stated that Horne engaged in an act with his son that constitutes sexual battery. This was not sufficient. See also C.R.C. v. State, 842 So.2d 235 (Fla. 2d DCA 2003).
We note that the Florida Standard Jury Instructions do not appear to contemplate application of either subsection in this factual scenario involving a third party. The blank spaces in the instruction form in which the court is instructed to insert a name do not include as an option “third party,” but rather list only “defendant” or “victim.”
Because the trial court erred in finding section 794.011(8)(a) to be a lesser included offense of section 794.011(8)(b), and because the evidence simply did not support a conviction under subsection (b) (engaging in), we conclude that the court erred in denying judgment of acquittal as to counts I and II. As a result, Horne was improperly convicted of an offense with which he was not charged, see Wise v. State, 833 So.2d 882 (Fla. 2d DCA 2003); Gaines v. State, 652 So.2d 458 (Fla. 4th DCA 1995); Moore v. State, 496 So.2d 255, 256 (Fla. 5th DCA 1986), and the verdict as to counts I and II is a nullity.
In light of our disposition of this case, we need not reach Horne’s other issues on appeal. We therefore reverse Horne’s convictions under counts I and II, affirm *649 Horne’s conviction on count III, and remand for resentencing.
If not barred by the statute of limitations, the State may file another information and proceed against Horne for soliciting under section 794.011(8)(a). See Wilburn v. State, 840 So.2d 384, 386 (Fla. 2d DCA 2003).
Affirmed in part, reversed in part, and remanded.
FULMER and CANADY, JJ„ Concur.