949 So.2d 303 (2007)
Christopher Michael SADLER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-363.
District Court of Appeal of Florida, Fifth District.
February 16, 2007.
*304 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Christopher M. Sadler challenges his convictions for purchase of a minor for involvement in pornography and solicitation to commit that offense. On appeal, Mr. Sadler presents three arguments: (1) that the court lacked jurisdiction over the instant matter; (2) that his conduct did not amount to the offense of purchase of a child for involvement in pornography; and (3) that his convictions are barred by double jeopardy. We find merit in Mr. Sadler's first point and reverse.
The State charged Mr. Sadler by information with the crimes of purchase of a minor for involvement in pornography and solicitation to commit that same offense. See §§ 847.0145, 777.04(2), Fla. Stat. (2004). Subsequently, the State filed a nolle prosequi as to both charges, stating that it was "unable to locate an essential witness at this time, until her presence is secured, the State cannot proceed further with criminal prosecution." Some fourteen months later, the State filed a document styled "Withdrawal of Announcement of Nolle Prosequi," advising that "[a]n essential witness has been located by the State which warrants refiling of the case in Circuit Court." No new information or indictment was filed. Apparently, after the State "withdrew" its nolle prosequi, the Clerk of the Court sent Mr. Sadler a notice to appear for trial. After the jury was selected and sworn and without objection, the State filed an "amended information," charging the same offenses as were contained in the original information, but changing the dates of the offenses. At the conclusion of the proceedings, Mr. Sadler was convicted as charged, and sentenced to prison to be followed by sex offender probation. He now appeals his convictions.
Mr. Sadler raises, for the first time on appeal, that the trial court lacked jurisdiction over the instant action because no charging document was pending at the time the jury was selected and sworn. The State responds that an information had been filed in this case months earlier, *305 although it acknowledges that it had been nolle prossed prior to trial. The State also contends that any defect in the information was waived by Mr. Sadler's lack of objection. Finally, the State argues that if Mr. Sadler is entitled to relief, jeopardy did not attach and his only relief is remand for the State to cure any defect in the charging document and bring him to trial.
A court's jurisdiction to try an accused defendant is not invoked and does not exist unless the State files an information or indictment. See State v. Anderson, 537 So.2d 1373, 1374 (Fla.1989) (holding "jurisdiction to try an accused does not exist under article I, section 15 of the Florida Constitution unless there is an extant information, indictment, or presentment filed by the state"); Winter v. State, 781 So.2d 1111, 1114 (Fla. 1st DCA 2001). A nolle prosequi effectively ends the proceeding, and, any action taken subsequent to the filing of the nolle prosequi is a nullity. State v. Braden, 375 So.2d 49, 50 (Fla. 2d DCA 1979); Childers v. State, 277 So.2d 594, 596 (Fla. 4th DCA 1973) (Cross, J., concurring); see Hernandez v. Wainwright, 296 F.Supp. 591, 592 (M.D.Fla. 1969). As a result, the State's written withdrawal of the nolle prosequi had no force or effect, and the State is unable to point to any authority to the contrary. See State v. R.J., 763 So.2d 370, 371 (Fla. 4th DCA 1998) ("Everything which occurs in a proceeding subsequent to the filing of a nolle prosse by the state is a nullity.").
In the absence of an indictment or information formally charging Mr. Sadler with a crime at the time the jury was sworn and empanelled, the trial court had no jurisdiction to try Sadler on these charges. See L.C. v. State, 750 So.2d 160, 161 (Fla. 3d DCA 2000); see also R.J.; Braden; Childers. As the second district court explained in Caves v. State, 303 So.2d 658, 659 (Fla. 2d DCA 1974), "[a] criminal prosecution presupposes the existence of a valid accusation charging a crime against the defendant. Such an accusation in some form is an essential requisite of jurisdiction which cannot be waived." Because the trial court lacked jurisdiction over the instant matter, Mr. Sadler's prosecution for the offenses was void and without effect. Freccacreto v. State, 291 So.2d 630, 631 (Fla. 4th DCA 1974) (holding that because the charge had been nolle prossed, the state failed to charge the defendant with a crime of which he was convicted; accordingly, judgment and sentence entered upon count of information that was nolle prossed was vacated and set aside and declared to be void). However, Mr. Sadler's prosecution is not barred on the basis of double jeopardy. See Little v. Wainwright, 161 So.2d 213, 214 (Fla.1964) (explaining that generally, proceedings must be valid in order to afford proper basis for claim of double jeopardy, and proceedings that are lacking in any fundamental prerequisite that renders judgment void will not constitute proper predicate for such claim).[1]
We also reject the State's waiver argument. Subject matter jurisdiction cannot be created by agreement or waiver. While the State correctly argues that technical defects in an information, such as the failure to have the information properly sworn to, can be waived, that rule presupposes the existence of a charging document. Here, there was none. Finally, the State can point to no authority that would have jurisdiction vest retroactively upon the State's filing of an "amended information" *306 after the jury was sworn. As the State now knows, "[t]he filing of [a] nolle pros by the State may have awesome consequences which should be contemplated before such action is taken." State v. Spence, 658 So.2d 660, 661 (Fla. 3d DCA 1995).
For the foregoing reasons, we reverse the convictions and remand for a new trial. We find no merit in the remaining issues raised.
REVERSED AND REMANDED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] It is noted that the State may prosecute on the basis of another information so long as the State complies with the applicable statute of limitations and the speedy trial rules. See State v. Hurd, 739 So.2d 1226, 1228 (Fla. 2d DCA 1999); see also State v. Sokol, 208 So.2d 156 (Fla. 3d DCA 1968).