987 So.2d 1233 (2008)
STATE of Florida, Appellant,
v.
Anthony Luis AGUILAR, Appellee.
No. 5D07-3584.
District Court of Appeal of Florida, Fifth District.
August 8, 2008.
*1234 Bill McCollum, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellant.
Adam B. Reiss, Orlando, for Appellee.
MONACO, J.
This appeal, commenced by the State, concerns the legal effect of the announcement of a nolle prosequi by the prosecution on the later announced rulings of the trial court. It concerns, as well, our ability to review these proceedings. Because a nolle prosequi effectively ends a criminal cause, we conclude that although the trial court had no authority to make subsequent rulings and that they are accordingly void, we likewise have no jurisdiction to consider this appeal. The case was effectively over when the announcement was made by the State.
The appellee, Anthony Luis Aguilar, was charged with possession of cocaine. On the day of a hearing on Mr. Aguilar's motion to suppress, the State moved for a continuance because the arresting officer failed to appear to testify. The trial court denied the continuance, and the State moved forward, intending to rely on the officer's probable cause affidavit to support its position. When the trial court refused to admit the affidavit, the prosecutor announced a nolle prosequi. After some prodding by the defense, the trial court then announced that it declined to accept the nolle prosequi, and was granting the motion to suppress. The court concluded by declaring that its order was the "law of the case," implying that it would be effective in the event that the State decided to refile the charges. The State appeals the suppression order.
At common law the State has the discretion to announce a nolle prosequi at *1235 any time prior to the swearing of the jury to try the cause. Wilson v. Renfroe, 91 So.2d 857, 859 (Fla.1956). In addition, because it is solely within the State's discretion to nol-pros a cause, it may timely do so without the permission of the court. State v. M.J.B., 576 So.2d 966 (Fla. 5th DCA 1991) (holding that the trial court erred in refusing to accept the State's nolle prosequi filed after the trial court denied the State's motion to continue, but before jeopardy attached). This discretion is not unlimited, however, insofar as the State's ability to dismiss a case without prejudice and to file a new information is restricted by double jeopardy and the speedy trial rule. State v. Stell, 407 So.2d 642, 643 (Fla. 4th DCA 1981).
Nevertheless, a "nolle prosequi effectively ends the proceeding, and any action taken subsequent to the filing of the nolle prosequi is a nullity." Sadler v. State, 949 So.2d 303, 305 (Fla. 5th DCA 2007). See also State v. Braden, 375 So.2d 49, 50 (Fla. 2d DCA 1979). Moreover, it is self-executing upon its announcement, and immediately terminates the proceeding. State v. Spence, 658 So.2d 660, 661 (Fla. 3d DCA 1995). No approval of the trial court is required. Accordingly, the actions taken by the trial court after the announcement of the nolle prosequi, including the granting of the motion to suppress in the present case, were most certainly a nullity.
The nolle prosequi, however, ended the case for our purposes, as well. There is nothing for us to review. Accordingly, we are compelled to dismiss the appeal.
DISMISSED.
PLEUS, J., and EARP, J., Associate Judge, concur.