PER CURIAM.
In this Anders[1] appeal, Lyndal Kenneth Wilkins, Appellant, challenges his judgments and sentences for burglary of a dwelling while armed with a dangerous weapon (count I), attempted armed kidnapping with a weapon (count II), aggravated stalking by credible threat (count III), possession of a short-barreled shotgun (count IV), and possession of burglary tools (count V). After a preliminary review of the record on appeal, we directed appellate counsel and the State to file supplemental briefs to address the issue of whether Appellant was improperly convicted and sentenced for count II after the State nolle prossed this count. The parties complied, and the State conceded error. We agree that error occurred; thus, we reverse and remand Appellants judgment and sentence for count II with directions to the trial court to vacate the *306 imposition of sentence for count II, and we direct the Clerk of the Court to amend its records to reflect the announcement of a nolle prosequi of count II by the State. We otherwise affirm Appellant’s remaining judgments and sentences without discussion.
In this case, the State nolle prossed count II in exchange for Appellant accepting a plea. Nevertheless, after Appellant accepted the State’s plea, the trial court adjudicated Appellant guilty of count II and imposed a sentence for this count. The State may file a nolle prosequi at any time prior to the swearing in of the jury. State v. Kahmke, 468 So.2d 284, 285 (Fla. 1st DCA 1985). In addition, since the decision to nolle prosse a cause is within the sole discretion of the State, it may do so without the permission of the trial court. Id. Consequently, “a ‘nolle prosequi effectively ends the proceeding, and any action taken subsequent to the filing of the nolle prosequi is a nullity.’ ” State v. Aguilar, 987 So.2d 1233, 1235 (Fla. 5th DCA 2008) (quoting Sadler v. State, 949 So.2d 303, 305 (Fla. 5th DCA 2007)).
Here, it is apparent from the record on appeal that error was unintended because the trial court acknowledged that the State nolle prossed count II. However, it is undisputed that the trial court improperly adjudicated Appellant guilty and sentenced him for count II.
We, therefore, reverse and remand Appellants judgment and sentence for count II with directions to the trial court to vacate the imposition of sentence for count II and we direct the Clerk of the Court to amend its records to reflect the announcement of a nolle prosequi of count II by the State. We otherwise affirm Appellant’s remaining judgments and sentences.
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
WOLF, LEWIS, and WETHERELL, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).