DAVIS, Judge.
Lee Whitcomb Sowell challenges his convictions and sentences for two counts of capital sexual battery on a child under twelve and two counts of lewd and lascivious molestation on that same child, his daughter. He was sentenced to consecutive life terms on the capital counts and to a concurrent term of thirty years’ imprisonment on each count of lewd and lascivious molestation. We affirm Sowell’s convictions and sentences for the two counts of capital sexual battery but reverse his judgments and sentences for both counts of lewd and lascivious molestation because these counts were orally nolle prossed pri- or to trial.
Sowell claims, and the State concedes, that the two lewd and lascivious counts were orally nolle prossed at a pretrial hearing and should be vacated. See Bearden v. State, 481 So.2d 542 (Fla. 2d DCA 1986); see also Wilkins v. State, 90 So.3d 305, 2012 WL 178379 (Fla. 1st DCA 2012). The record supports this assertion, and there is nothing in the record to suggest that the charges were refiled.
Sowell also argues that because the evidence of the two lewd and lascivious charges was presented along with the evidence of the capital sexual battery charges, these capital convictions also must be overturned. We do not agree. Sowell did not object at trial to the introduction of this evidence, and the admission of evidence of related but nolle prossed counts is not necessarily even reversible error, let alone fundamental error. See Holland v. State, 432 So.2d 60, 61 (Fla. 1st DCA 1983) (“A nolle pros is ... unlike an acquittal and does not preclude the admissibility ... of evidence as to the accused’s involvement in the offense alleged in the nolle prossed information. In the present case the trial court therefore did not err by admitting evidence of appellant’s involvement in [the crime for which charges were nolle prossed].” (emphasis omitted)).
Affirmed in part and reversed in part.
ALTENBERND and VILLANTI, JJ., Concur.