IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT MICHAEL ARDIS,

    Appellant,

v.

SARAH HARPER ARDIS,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4463

Opinion filed June 9, 2015.

An appeal from the Circuit Court for Escambia County.
T. Michael Jones, Judge.

Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM

    Robert Ardis appeals a 2013 indirect criminal contempt order and 30-day jail sentence arising from alleged violations of a 2009 protection against domestic violence (DV) order. We reverse and remand because the contempt order and

sentence were based partly upon charges that the State had nolle processed and the trial court had dismissed, and partly upon incidents occurring after the DV order had expired.

## Background

This case stems from proceedings towards the end of the parties' marriage. Appellee Sarah Harper Ardis sought and received domestic violence protection from her husband by way of a DV order entered by the court in December 2009. Among other things, the order limited Mr. Ardis's communications with Ms. Ardis to "civil and courteous contact . . . to discuss issues involving the minor children." A provision in the DV Order stated that: "The parties shall comply with the provisions contained herein until an [order] is entered after hearing in the Dissolution of Marriage action."

On February 11, and May 4, 2010, Ms. Ardis filed two petitions by affidavit for an order to show cause for violations of the DV order. These petitions alleged that Mr. Ardis had violated the DV order by walking and parking too close to Ms. Ardis and her automobile at the community college where he worked and she attended, and that he had come within 500 feet of her residence. But the petitions sat for more than two years with no action. In the meantime, the court entered a final order on dissolution of marriage (DOM) in October 2012. A few months after entry of the DOM order, Ms. Ardis filed a third petition alleging that Mr. Ardis had

violated the DV order by sending abusive and insulting text messages after the dissolution.

On March 27, 2013, the court issued an order to show cause relating to all three petitions. At a subsequent hearing, the State Attorney announced that it would only be pursuing charges related to the 2013 petition and the court dismissed both 2010 petitions. Months later, however, the State proceeded to prosecute Mr. Ardis under all three petitions. The court found Mr. Ardis guilty of willful violations of the DV order as alleged in two of the petitions—the February 2010 and January 2013 petitions—and sentenced him to a thirty-day jail sentence. Mr. Ardis appealed.

Analysis

"A judgment of contempt is presumed correct on appeal, and will not be disturbed unless there is insufficient evidence in the record to support it." Williams v. Williams, 152 So. 3d 702, 704 (Fla. 1st DCA 2014). Mr. Ardis makes two arguments for reversal of the contempt judgment: that the judgment is based partly on dismissed charges from the February 2010 petition, a fundamental error; and that the 2013 charges should be reversed because his discourteous texts to Ms. Ardis post-dated the expiration of the DV order.

The State concedes that the trial court should not have based part of its ruling on allegations from the 2010 petition because it had been dismissed. But the State urges affirmance nonetheless because evidence related to the 2013 petition—

3

numerous discourteous text messages sent by Mr. Ardis—independently supports the judgment and sentence. See, e.g., Wilkins v. State, 90 So. 3d 305 (Fla. 1st DCA 2012) (affirming a defendant's convictions for burglary and other crimes despite an error in convicting on a nolle prossed kidnapping charge); but see Freccacreto v. State, 291 So. 2d 630, 631 (Fla. 4th DCA 1974) (finding that a guilty judgment on nolle prossed charges violates the state constitution and is fundamental error and remanding for entry of an appropriate sentence on the remaining conviction).

But under the circumstances here, we cannot agree to affirm based on the 2013 petition because those contempt charges were based on a DV order that had lapsed. The DV order was entered in 2009, and specifically addressed its duration with the following terms: "[t]he parties shall comply with the provisions contained herein *until* an [order] is entered after hearing in the Dissolution of Marriage action." (emphasis added). After entry, hearings were held on the final dissolution of the Ardis's marriage in 2011 and 2012, and the court entered a DOM order on October 31, 2012. And the DOM order itself neither prohibited contact between Mr. and Ms. Ardis, nor imported the courteous conduct requirements from the 2009 DV order. In this case, all of the malfeasance alleged in the 2013 petition post-dated the 2012 entry of the DOM Order. So while Mr. Ardis admits the discourteous substance of his texts, he notes correctly that the DV order's "civil and courteous contact"

4

provision expired with the entry of the DOM order and fails to supply a basis for the criminal contempt judgment and sentence.

We recognize the State's view that the DV order's civil and courteous contact provision remained effective after the DOM order because it was never explicitly dismissed by the court. The State argues that the DV order's reference to an "order" and "hearing" referred not to a DOM order, but to an option to seek dismissal of the DV order after the marriage was dissolved. However, a plain reading of the DV order does not support the State's argument. The DV order refers explicitly to compliance until an order is entered "*in* the Dissolution of Marriage action," not to the possibility of a future motion *after* the DOM action.

Indirect criminal contempt may be found for violation of a court order, but only if the order "*clearly and definitely* advise[s] the person of its command and direction." Young v. State, 1D15-0333, 2015 WL 1810408, at *1 (Fla. 1st DCA 2015) (quoting Eubanks v. Agner, 636 So. 2d 596, 598 (Fla. 1st DCA 1994)) (emphasis added). Because the DV order at issue here did not clearly require continued compliance with its courteous conduct provision after the court entered the DOM order, we cannot affirm the criminal contempt judgment and sentence entered based upon a willful violation of that order.

## Conclusion

For these reasons, we REVERSE the order adjudging Mr. Ardis in indirect

5

criminal contempt and the order of commitment and REMAND for proceedings consistent with this opinion.

ROWE, THOMAS, and OSTERHAUS, JJ., CONCUR.