NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

QUARTEZ M. DAVIS,                               )
                                                )
                  Appellant,                    )
                                                )
v.                                              )    Case No.  2D15-19
                                                )
STATE OF FLORIDA,                               )
                                                )
                  Appellee.                     )
                                                )
_____ )

Opinion filed September 7, 2016.

Appeal from the Circuit Court for Polk
County; Roger A. Alcott, Judge.

Graylin Cory Chastang of Norgard, Norgard
& Chastang, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

        Quartez Davis appeals the revocation of his community control and the

fifteen-year sentence imposed for his underlying convictions.  We have jurisdiction.  See

Fla. R. App. P. 9.140(b)(1)(D).  The trial court found Mr. Davis guilty of technical

(Condition 16) and new law violations (Condition 5) of the terms of his community

control.  The trial court proceeded on the Condition 5 violations despite the State's

decision to proceed only on the Condition 16 violation.  Consequently, we reverse, in part.  We affirm on all other issues raised by Mr. Davis without further discussion.

The trial court originally sentenced Mr. Davis for multiple felony offenses as a youthful offender to four years in prison, followed by two years of community control.  Mr. Davis served his prison time and was serving his community control when he was charged with violating Condition 16 by failing to remain in his residence and Condition 5 by committing new law violations of armed burglary, possession of burglary tools, and possession of a firearm.  While Mr. Davis was awaiting trial on the new law violations, the trial court held an evidentiary hearing on the alleged community control violations.

At the start of the hearing, defense counsel advised the trial court that "there's an agreement between the State and I that we're going forward only on the Condition 16 violation, not on the new charges."  The State did not contest this representation.  Accordingly, the trial court acknowledged its "understanding that we're not going to proceed on Condition 5, only on the Condition 16?"

Mr. Davis admitted to violating Condition 16, but offered testimony in an effort to mitigate the sentence that the trial court might impose.  Apparently, Mr. Davis was not in his approved residence because his family kicked him out.  Thereafter, and despite the prior understanding that the State would not proceed on the alleged Condition 5 violations, the following exchange occurred:

COURT:  Ms. Hill[,] [d]o you have witnesses on these Condition 5 violations?

STATE:  I do, Judge.

- 2 -

COURT: Well, why can't we proceed on these Condition 5 violations?

STATE: We can.

. . . .

DEFENSE: I believe we had an agreement we were going to proceed only on the Condition 16 before the Court.

STATE: Well, Judge, if Mr. Mendenhall was not prepared -

COURT: I don't even know -

STATE: - out of reliance on or indication that we weren't going to do the full [VOP] of the Condition 5 that's fine. I mean, some of the information regarding that Condition 5 offense I think is relevant to the Condition 16, as well, so -

COURT: Oh, sure. And not only that, so that it's very clear here, the State didn't set this hearing. The Court set the hearing. And the Court entered the order that directed the parties to be here, to have their witnesses available. And I specifically put it in the order the parties shall be responsible for summoning all witnesses they wish to present. There isn't any agreement with the Court and no discussion with the Court not to have a hearing on the violations. So let us proceed . . . .

The trial court then proceeded to hear evidence on the alleged Condition 5 violations.

Mr. Davis argues that the trial court erroneously assumed a prosecutorial role by requiring the State to present evidence on the alleged new law violations. It seems clear to us that the State decided to proceed only on the alleged violation of

- 3 -

Condition 16.  The new law violations were going to trial whether or not the trial court found that Mr. Davis violated his probation.

The record does not disclose why the State chose not to proceed on the Condition 5 violations.  We do know that when Mr. Davis later went to trial and was convicted on the new charges of burglary and felon in possession of a firearm, the trial court sentenced him to ten years concurrent with his fifteen-year sentence here.  However, had the trial court allowed the parties to proceed as they agreed on only the Condition 16 technical violation, Mr. Davis' maximum sentence after revocation of probation for the technical violation would have been a maximum of six years as a youthful offender.  See § 958.14, Fla. Stat. (2010).

The State unreservedly agreed not to proceed on the Condition 5 violations.  The State withdrew those alleged violations of community control.  Thus, the State effectively "nolle prossed" the Condition 5 violations.  The trial court should not have forced the State to proceed on those withdrawn allegations.

The State has the exclusive and absolute discretion to determine the charges it will prosecute.  Barnett v. Antonacci, 122 So. 3d 400, 405 (Fla. 4th DCA 2013) (citing State v. Cain, 381 So. 2d 1361, 1367, 1367 n.8 (Fla. 1980)).  "A judge has no supervisory control over a prosecutor's decision not to prosecute."  Barnett, 122 So. 3d at 406 (holding State has exclusive discretion to decide whether to discontinue prosecution with a nolle prosse).  Similarly, the State may withdraw an allegation of violation of probation during a violation hearing.  See, e.g., Johnson v. State, 60 So. 3d 1045, 1048 (Fla. 2011) ("At the hearing, the State withdrew the allegation that Johnson had committed new substantive offenses . . . ."); Martin v. State, 937 So. 2d 714, 715

(Fla. 1st DCA 2006) ("At the hearing on the violation of probation, the prosecutor withdrew the allegation of violation of condition number 5 (the new law violation)."), disapproved on other grounds in Del Valle v. State, 80 So. 3d 999 (Fla. 2011).

In the context of a criminal jury trial, the State may announce a nolle prosse of a charge at any time before the jury is sworn. Wilkins v. State, 90 So. 3d 305, 306 (Fla. 1st DCA 2012); State v. Aguilar, 987 So. 2d 1233, 1234-35 (Fla. 5th DCA 2008). The State does not need the trial court's permission. Wilkins, 90 So. 3d at 306; Aguilar, 987 So. 2d at 1235. A nolle prosse is self-executing upon its announcement and immediately terminates the proceeding. Aguilar, 987 So. 2d at 1235. Any subsequent action is a nullity because the defendant was no longer charged with that offense and the trial court had no authority to try the defendant on that charge. Sadler v. State, 949 So. 2d 303, 305 (Fla. 5th DCA 2007); see Wilkins, 90 So. 3d at 306; Aguilar, 987 So. 2d at 1235.

We have found no on-point case in the probation context involving a challenge to a revocation based on an allegation withdrawn by the State. Nevertheless, numerous cases hold that it is trial court error to revoke probation for conduct not alleged in the charging document. See, e.g., McRae v. State, 88 So. 3d 384, 385 (Fla. 2d DCA 2012); Andrews v. State, 693 So. 2d 1138, 1141 (Fla. 1st DCA 1997) ("[I]t is improper to find a probationer has violated a condition of his probation that he has not been charged with violating."). Even if we construed the prosecutor's action here as trying to retract the withdrawal when she acquiesced to the trial court's decision to proceed with a hearing on Condition 5, that action had no effect to resurrect what the State had already terminated. Cf. Sadler, 949 So. 2d at 304-05 (holding that State's

- 5 -

"withdrawal" of nolle prosse had no effect because nolle prosse ended the proceeding on that charge and the subsequent conviction was a nullity).

The trial court erred in proceeding with the Condition 5 violations. This was fundamental error. See McRae, 88 So. 2d at 385 (holding it was fundamental error to revoke probation on uncharged allegations); Freccacreto v. State, 291 So. 2d 630, 631 (Fla. 4th DCA 1974) (holding that trial court committed fundamental error by convicting defendant of crime that State had nolle-prossed); Wise v. State, 833 So. 2d 882, 883 (Fla. 2d DCA 2003) (holding that it was fundamental error to convict defendant for crime not charged and that verdict was a nullity). We do not know whether the trial would have revoked community control based solely on a technical violation of Condition 16. Therefore, we reverse and remand for a new hearing based upon only the Condition 16 technical violation of community control.

Affirmed, in part, reversed, in part, and remanded.


WALLACE and MORRIS, JJ., Concur.