NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

E.M.,                                          )
                                               )
        Appellant,                     )
                                               )
v.                                             )       Case No. 2D17-2521
                                               )
STATE OF FLORIDA,                              )
                                               )
        Appellee.                      )
_____)

Opinion filed July 13, 2018.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine-
Thomas, Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa,
for Appellee.


LUCAS, Judge.

E.M. appeals her withhold of adjudication of delinquency for burglary of a dwelling and criminal mischief.[1]  From the evidence presented at her adjudicatory hearing, it appears that E.M. and a group of teenaged girls drove around town in a stolen Toyota Camry, used a garage door opener to gain entrance into a vacant house, parked the vehicle inside the garage, and remained in the house for some period of time.  A neighbor identified E.M. when she briefly appeared in the house's backyard.  Otherwise, there was no evidence presented as to what, if anything, E.M. did or intended to do while inside the house.  Various items in the house were found to have been damaged, and the front hood and roof of the Camry were severely dented.[2]

With respect to the criminal mischief disposition, the State points out that it had announced a nolle prosse of that count towards the conclusion of the proceeding.  Though it does not concede error, the State makes no argument in this appeal for affirmance of this count.  We can discern no basis to affirm and are, therefore, compelled to reverse the circuit court's disposition on that count.  See State v. Braden, 375 So. 2d 49, 50 (Fla. 2d DCA 1979) ("As a general proposition, everything which occurs in a proceeding subsequent to the filing of a nolle prosse by the [S]tate is a nullity."); State v. Spence, 658 So. 2d 660, 661 (Fla. 3d DCA 1995) ("Upon the [S]tate's announcement of a nol pros of the information, which was self-executing, the case was

_____

[1]E.M. was charged with third-degree felony criminal mischief, but the circuit court found E.M. committed the act of first-degree misdemeanor criminal mischief.  The circuit court also found sufficient evidence to support the charge of trespass of a conveyance, but E.M. does not challenge that finding on appeal.

[2]Apparently, at some point, some of the girls were dancing on the car.  It was suspected that this was how the hood and roof became damaged.  However, as the State conceded below and on appeal, there was no evidence that E.M. was one of the girls who danced on the car or damaged it in any way.

effectively nullified and the proceeding terminated." (citing Y.S. v. State, 620 So. 2d 245, 246 (Fla. 3d DCA 1993))).

As to the burglary count, we agree with E.M. that the State failed to present any evidence that E.M. held an intent to commit a crime when she entered the house. See § 810.02(1)(b), Fla. Stat. (2017) (defining "burglary" to mean "[e]ntering a dwelling . . . with the intent to commit an offense therein"); P.D.T. v. State, 996 So. 2d 919, 919 (Fla. 4th DCA 2008) (reversing adjudication of delinquency for burglary of a dwelling and observing that the "intent to commit an offense therein" under the statute "is an essential element of the offense"). Indeed, there was no evidence of what E.M. actually did—much less what she intended to do—while she was inside the house. Cf. R.C. v. State, 793 So. 2d 1078, 1078-79 (Fla. 2d DCA 2001) (reversing adjudication of delinquency on charge of burglary where no evidence was presented of juvenile's intent when he visited a friend who had broken into a vacant mobile home and the juvenile's only criminal act while inside was to write on a wall with a marker he had found in the home).

We reverse the circuit court's withhold of adjudication of delinquency as to count four (criminal mischief) with directions to dismiss that charge and as to count one (burglary of a dwelling) with directions to reduce that charge to trespassing. See, e.g., J.J.D. v. State, 973 So. 2d 1254, 1255 (Fla. 2d DCA 2008) (reversing and remanding for "a reduction of the [burglary] charge to trespass and for a new disposition hearing"). The circuit court shall convene a new disposition hearing consistent with this opinion.

Reversed and remanded.

NORTHCUTT, J., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE, Concur.

- 3 -