# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Nos. 1D2023-1964
1D2023-1966
1D2023-1967
(Consolidated for disposition)

———————————————————

STATE OF FLORIDA,

    Appellant,

    v.

MALLORY H. OLIFF,

    Appellee.

———————————————————

On appeal from the Circuit Court for Leon County.
Joshua Hawkes, Judge.

October 16, 2024

PER CURIAM.

The State of Florida appeals from orders dismissing three criminal cases against Appellee after the State's nolle prosequi of charges on the trial date of the first case, followed by its decision to refile the charges a few days later. We reverse.

Appellee was charged in 2020 with three counts of sexual battery on a helpless victim, one count for each of three different victims over a period of months. The counts were later severed and the court set the first case involving one of the victims for trial in 2023. A few days before this trial, the parties held a conference at

which the State requested a continuance because one of its main witnesses, an investigator who had interviewed Appellee and the alleged victims, was unavailable on the trial date. The trial court denied a continuance believing that the State had not exercised due diligence in making sure that the witness, who had not been subpoenaed, would be available for trial. Then, on the morning of trial, the State announced its intention to nolle pros the charges against Appellee because it was missing the indispensable witness.

When the State refiled the case against Appellee a few days later, Appellee moved to dismiss the charges. He contended that his due process rights had been violated by the dismissal and refiling. The State responded that it has the sole discretion to nolle prosse charges and that its actions were not improper. But the trial court ruled for Appellee. It entered an order dismissing the charges against Appellee in all three cases. The court's order considered the State's failure to ready its witness to be bad-faith docket manipulation and an improper case management strategy in conflict with the court's ruling on its motion to continue. The State appealed.

"Where the trial court dismisses refiled charges based on alleged impropriety by the state, the standard of review is abuse of discretion." *State v. Piering*, 326 So. 3d 711, 712 (Fla. 4th DCA 2021) (citing *State v. Kahmke*, 468 So. 2d 284, 285 (Fla. 1st DCA 1985)). We recognize that "[a] nolle prosequi may be filed at any time prior to the swearing in of the jury. Permission of the trial court is not necessary, because the decision to file a nolle prosse is within the sole discretion of the State." *Kahmke*, 468 So. 2d at 285 (internal citations omitted); *see also Wilkins v. State*, 90 So. 3d 305, 306 (Fla. 1st DCA 2012) ("The State may file a nolle prosequi at any time prior to the swearing in of the jury.").

This case is similar to *Kahmke*. There, the State also had a witness problem. It had failed to timely make certain witnesses available to the defense for discovery. *Kahmke*, 468 So. 2d at 285. On the day of trial, the trial court continued the case for one day at the State's request, but denied the State's subsequent motion on the following day to continue the case for another week so that the State could make its witnesses available. *Id.* The court also

2

granted motions to exclude testimony from the State's witnesses. *Id.* In response to those rulings, the State nolle prossed the charges and refiled the same charges three days later. *Id.* When the defendant moved to dismiss the new informations, the trial court dismissed them. *Id.* On appeal, however, this court reversed. We concluded that in view of the State's "right to nolle prosse," its actions could not be considered improper. Thus, it was an abuse of discretion for the trial court to have dismissed the newly filed charges. *Id.*; *see also Piering*, 326 So. 3d at 713 (reversing dismissal where the state nolle prossed due to the absence of an indispensable witness and refiled the charges seven days later).

Here, following *Kahmke*, we likewise reverse the trial court's dismissal of the three cases.

REVERSED and REMANDED.

OSTERHAUS, C.J., and LEWIS and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Ashley Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellant.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellee.