173 So.2d 735 (1965)
The Honorable Thomas N. BALIKES et al., as Judges of the Metropolitan Court in and for Dade County, Florida, Appellants,
v.
George T. SPELEOS, Appellee.
No. 64-671.
District Court of Appeal of Florida. Third District.
March 30, 1965.
Rehearing Denied April 30, 1965.
Richard E. Gerstein, State Atty., and Joseph Durant, Asst. State Atty., for appellants.
Robert L. Koeppel, Public Defender and Phillip Hubbart, Asst. Public Defender, for appellee.
Prebish & Gautier, Miami, amicus curiae.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal from an order granting rule absolute in prohibition. The respondents in the circuit court were the Judges of the Metropolitan Court in and for Dade County, Florida. They were represented in the circuit court and on this appeal by the State Attorney.
The appellee was arrested on February 9, 1964, for certain traffic offenses. He was jailed. On February 19th he came on for trial in the Metropolitan Court in Dade *736 County. The trial judge entered the following order:
"The Defendant, George T. Speleos was arrested on the 9th day of February, 1964 and charged with the following:
"1) Driving while under the influence of an intoxicating liquor;
"2) Careless Driving;
"3) Driving without a valid drivers license.
The defendant was unable to post bond and was arraigned on the 11th day of February, 1964 at which time he entered a plea of not guilty. The Defendant was incarcerated for 10 days prior to the scheduling of his trial. It was ascertained by the Court that the Defendant was unable to engage counsel due to lack of funds and requested that he be defended by the Dade County Public Defender. On this day, the Public Defender was unable to go forth with the defense of this case.
"The Court is of the opinion that the Defendant's rights guaranteed by the Constitution of the United States and the State of Florida have been violated and that due process has been denied to the Defendant. It is in derogation of fairness and justice to have kept the defendant in jail for 10 days before bringing him to trial due to his inability to have posted bond. It is therefore
"THE ORDER and JUDGMENT of this Court that the Defendant herein be forthwith released from the County Jail and the charges dismissed.
"DONE and ORDERED in Open Court at Miami, Dade County Florida this 19th day of February, 1964."
The next day an Assistant State Attorney filed new affidavits in which he realleged the facts for which the appellee had been arrested on February 9th. Warrants of arrest were issued for driving a vehicle while under the influence of liquor, careless driving, and failure to have a valid driver's license. Appellee was served and again incarcerated but secured his release on his own recognizance the next day.
On March 5th an amended affidavit was filed charging the appellee with having twice been previously convicted of driving while under the influence of intoxicating liquor. He was arrested pursuant to a warrant and the following day he was again released on his own recognizance.
The appellee filed a suggestion of writ of prohibition on March 23, 1964. Thereafter, the circuit judge entered the order granting rule absolute in prohibition which is now appealed. The circuit judge has set forth in his order the grounds therefor:
"The Order of Dismissal did not contain any phraseology permitting a refiling or a refiling of an amendment to the three (3) charges nor did it contain a statement that the dismissal was, `without prejudice.' Such an Order is a final Order of Dismissal `with prejudice' and terminates the cause, unless it is vacated, modified or reversed on appeal. There is no evidence in the record that the said prior order of dismissal was vacated, set aside, modified or otherwise nullified.
"The State contends that it has a right to refile, re-arrest and prosecute the defendant, and go before another Metropolitan Court Judge, on the same or amendment to the charge previously dismissed. The effect of this would be that an order of a Metropolitan Court Judge need have no judicial authority and could be ignored at the whim, caprice, or pleasure of the prosecuting attorney.
"Further, if the State Attorney's contention is correct there may never be a termination of litigation. A charge could be filed against a defendant, he would be arrested, jailed and forced to post bail, then after appearing in court and having the *737 charges dismissed against him and being discharged and released from custody, he would be subject to a new arrest, jailing, posting bond and appearance in court. This procedure could, under the State's contention, be continued until some trial judge could be persuaded to try the defendant. Under this theory an order of a Metropolitan Court Judge is a worthless gesture and only worth the respect the State wishes to give it. More important however, due process of law is being flaunted by this procedure in that the defendant is denied the right to a speedy and public trial as provided for in F.S.A. 916.01, The Constitution of Florida, Declaration of Rights, Section 11, and Article VI of the Constitution of the United States of America.
"It is the holding of this court that once an order of dismissal is entered, by one of the Metropolitan Court Judges, that the order of dismissal remains in full force and effect and no judge of the Metropolitan Court has jurisdiction to consider the same charge or an amendment to the same charge previously dismissed, unless the original judge dismissing the charge modifies, vacates or the order is reversed on appeal.
"The proper procedure for the State to follow when a charge is dismissed, and in the State's opinion the trial court judge's act was erroneous or improper, is to file a motion with the trial judge to modify or vacate his order of dismissal within the time allowed for taking an appeal, otherwise the Metropolitan Court loses jurisdiction to consider such motion. Such motion, together with a notice of hearing thereon must be served on the defendant or his attorney. After a proper hearing before the said trial judge and upon cause shown, the trial court may vacate, modify or permit a refiling or deny the motion as it deems advisable.
"All parties who appear before the Metropolitan Court have a right to rely on and a duty to respect its orders and decisions regardless of their opinion of the advisability of any such orders and decisions or the effect they may have on them. This reliance and respect must be given by both the prosecuting attorneys as well as the defendants and their counsel who appear in this court.
"For the reasons and holdings above, it is therefore,
"ORDERED and DECREED, that the Rule Nisi herein before entered, be and the same is made absolute."
The substantial question presented is whether the "order and judgment * * * that the defendant herein be released from the County Jail and the charges dismissed" which was entered by the Metropolitan Judge on February 19, 1964, was a final order upon which the circuit judge could prohibit the prosecution as a double jeopardy.
The State may not appeal a final order of acquittal or not guilty. See § 924.07, Fla. Stat., F.S.A. However, the State may appeal an order quashing an affidavit. Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947); see also § 924.07(1) Fla. Stat., F.S.A. We gather from the argument of the appellants that they consider the order of February 19 an appealable order quashing the affidavit and that the State is not precluded from further prosecution for the offense by the failure to appeal. See Robinson v. United States, 284 F.2d 775 (5th Cir.1960).
We need not further consider the legal effect of the State's failure to appeal because we think the appellants have misconceived the nature of the order of February 19, which first discharged the appellee. The Metropolitan Judge clearly intended the order to be final because he designated it a "judgment". Second, the order itself discharges the defendant not because of any of the grounds which would support an order quashing an affidavit (or information), but because the judge concluded that the constitutional rights of the accused had been violated. In this instance *738 it is clear that the Metropolitan Judge concluded that the violation of the appellee's rights was such that he could not receive a fair trial. We do not presume to discuss the merits of that conclusion because the order of February 19 is not before us for review. We determine only that the Metropolitan Judge had the jurisdiction to make the order and that its effect was to bar a subsequent prosecution for the same offense. Cf., State ex rel. Wheeler v. Cooper, Fla. App. 1963, 157 So.2d 875.
Affirmed.