208 So.2d 156 (1968)
The STATE of Florida, Appellant,
v.
Jack SOKOL, Appellee.
No. 67-457.
District Court of Appeal of Florida. Third District.
March 12, 1968.
Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., for appellant.
Harry W. Prebish and Richard M. Gale, Miami, for appellee.
Before BARKDULL and SWANN, JJ., and LOPEZ, AQUILINO, Jr., Associate Judge.
PER CURIAM.
The State seeks review of an order quashing an information. The record on appeal reveals the following:
On September 27, 1966, the appellee was charged by information with the crime of bribery. The case came on for trial on January 23, 1967. After voir dire, the State tendered the jury and the appellee accepted the jury. However, before the jury was sworn and over appellee's objection the appellant announced a nolle prosequi. On February 1, 1967, the appellant filed another information charging the appellee with the identical offense with respect to all substantive allegations of date, time, and place. The appellee moved to quash the information. After hearing on the motion, the trial court found the action of the appellant violated appellee's right to a speedy trial upon the authority of Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1; Balikes v. Speleos, Fla.App. 1965, 173 So.2d 735. As a result, the trial court entered the order appealed herein quashing the information and discharging the appellee.
The State contends error, urging that it has a right to take a nolle prosequi at any time prior to the jury being sworn. We agree, and reverse. It has long been the settled law in this jurisdiction that the State has a right to take a nolle prosequi at any time prior to the jury being sworn. The Supreme Court of Florida said, in Wilson v. Renfroe, Fla. 1956, 91 So.2d 857,
* * * * * *
"There can be no doubt that under the common law the Prosecuting Attorney controlled the entry of a nolle prosequi, up to the time that the jury is sworn to *157 try the cause. The words `nolle prosequi' are a Latin expression which translated literally mean `to be unwilling to prosecute'. Under the common law of England prosecution in criminal cases were controlled by the Attorney General and he alone had the exclusive discretion to decide whether prosecution should be discontinued prior to the inception of jeopardy. In the absence of statute, the common law continues to be in force in most of the states of this country. Florida has adopted no statute on the subject. 14 Am.Jur., Criminal Law, Sec. 296 et seq.; State v. Anderson, 119 Tex. 110, 26 S.W.2d 174, 69 A.L.R. 233; State ex rel. Butler v. Moise, 48 La. Ann. 109, 18 So. 943, 35 L.R.A. 701. * * *"
* * * * * *
This principle has not been abrogated by the United States Supreme Court opinion in Klopfer v. State of North Carolina, supra. The cited case is clearly distinguishable from the instant case. In the cited case, although the defendant was released from custody he was still subject to prosecution on the original information. In the instant case, upon a nolle prosequi, the defendant was not only released from custody but he was released from prosecution under the original information. Under the applicable statute of limitation, the State had two years from the date of the commission of the alleged crime within which to file an information. § 932.05, Fla. Stat., F.S.A.
Reliance on the case of Balikes v. Speleos, supra, was misplaced. The original order discharging the defendant in that cause was a final order of dismissal in the defendant's favor.
Therefore, for the reasons above stated, the order quashing the information, here under review, be and the same is hereby reversed for further proceedings in the trial court not inconsistent herewith.
Reversed and remanded with directions.