375 So.2d 49 (1979)
STATE of Florida, Appellant,
v.
Larry Steve BRADEN, a/k/a James Homer Braden, Appellee.
No. 79-85.
District Court of Appeal of Florida, Second District.
September 19, 1979.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee.
HOBSON, Acting Chief Judge.
The state appeals from the lower court's dismissal with prejudice of the state's information charging Larry Steve Braden, defendant/appellee, with possession of marijuana.
On August 7, 1978, the state filed an information charging the defendant with both possession and sale of marijuana. On August 10, 1978, the state provided the defendant with a list of witnesses. The witness who allegedly had bought the marijuana from the defendant was described only as "Danny c/o Detective Danapas, Tarpon Springs P.D." The defendant filed a motion to compel discovery asking the lower court to enter an order compelling the state to provide the last name and address of the witness "Danny." The defendant's motion was granted and the state filed a statement of particulars which described "Danny" as Danny Horner, but stated that *50 his address was unknown and that he could be subpoenaed c/o Detective Danapas of the Tarpon Springs Police Department. Subsequently, the state did provide the defendant with two possible addresses for Horner, but the defendant's counsel was not able to subpoena Horner for a deposition and filed a motion to dismiss on the ground that Horner was unavailable for discovery. A hearing on the motion was held on November 27, 1978, at which time the state claimed that Horner was enroute to the court, and could be deposed that afternoon. The hearing was recessed, pending the deposition of Horner by the defendant. Horner never appeared, however, and the state filed a nolle prosse before the hearing reconvened. The trial judge refused to recognize the nolle prosse, however, and entered an order dismissing the information with prejudice. The lower court expressly found that the state had "flagrantly and intentionally" violated the discovery rules.
Rather than appealing the dismissal of this information, the state filed a second information against the appellee, this time only charging him with possession, and not with sale. Thus, Horner's testimony was apparently not critical to this information. The appellee, however, filed a motion before the lower court which was treated as a motion to dismiss the second information. A hearing was held before a different judge, who construed the second information to be a collateral attack upon the dismissal with prejudice of the first information. Stating that the state's correct remedy should have been an appeal from the first dismissal, the lower court dismissed the second information. The state then brought this appeal contending that the dismissal with prejudice of the first information was a nullity because it followed a nolle prosse of that information by the state.
A nolle prosse may be filed at any time prior to the swearing in of the jury. State v. Sokol, 208 So.2d 156 (Fla.3d DCA 1968). Permission of the trial court is not necessary, because the decision to file a nolle prosse is within the sole discretion of the state. State v. Wells, 277 So.2d 543 (Fla.3d DCA 1973). Since there can be no doubt that the nolle prosse filed by the state to the first information was effective, the question then becomes one of what effect did the dismissal with prejudice of this information have following the nolle prosse.
As a general proposition, everything which occurs in a proceeding subsequent to the filing of a nolle prosse by the state is a nullity. See Childers v. State, 277 So.2d 594, 596 (Fla. 4th DCA) (Cross, J., concurring), cert. denied, 285 So.2d 23 (1973); 22A C.J.S. Criminal Law § 456 at 2 (1961). Accordingly, the dismissal with prejudice of the first information was a nullity, from which the state was not required to appeal. Given that the dismissal was a nullity, it was within the authority of the state to file a second information based upon the same criminal conduct that was the basis for the first information.
Although we are reversing the dismissal with prejudice of the second information, we do take note of the events which led the lower court to dismiss the first information. Although we have ruled that dismissal was a nullity, nothing in this opinion should be construed as preventing the lower court from entering appropriate sanctions against the state for failure to comply with the discovery orders issued by the lower court.
The order of dismissal with prejudice is reversed and this cause remanded for further proceedings in the lower court.
BOARDMAN and DANAHY, JJ., concur.