397 So.2d 1052 (1981)
In the Interest of S.R.P., a Child.
No. 80-287.
District Court of Appeal of Florida, Fourth District.
May 13, 1981.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
The appellant, a juvenile, claims error by the trial court in refusing to accept her plea of guilty to delinquency charges and in allowing the state to voluntarily dismiss those charges so that the state could proceed against her by filing an information in the criminal court. Finding no authority for the filing of an interlocutory appeal under these circumstances, we have nevertheless determined that we will treat the notice as a petition for writ of certiorari.
After the state filed juvenile charges the prosecutor advised the trial court that he intended to file a nolle prosse of the juvenile charges and proceed against the appellant as an adult by filing an information in the criminal court. In an attempt to avoid the state's action, the appellant asked the trial court to accept a guilty plea before the state could file a nolle prosse. The trial court refused. We find no error.
The decision to file a nolle prosse is essentially vested solely in the discretion of the state. State v. Braden, 375 So.2d 49 (Fla.2d DCA 1979). In addition, under the provisions of Section 39.04(2)(e)(4), Florida Statutes (1979), a state attorney is vested with discretionary authority to file an information and seek adult sanctions against a juvenile on charges that may also constitute the basis for a juvenile petition. The trial court here has done nothing more than recognize the discretionary authority of the state as outlined above. We do not believe the case of Reyes v. Kelly, 224 So.2d 303 (Fla. 1969), relied on by appellant, is to the contrary. That case held that a trial court may not arbitrarily refuse to accept a guilty plea. We find no such arbitrary refusal here.
The petition for writ of certiorari is denied.
LETTS, C.J., and GLICKSTEIN, J., concur.