PER CURIAM.
The defendants Charles and Vernon Min-ton in a malicious prosecution action *4 brought below appeal from an adverse final judgment entered upon a jury verdict and a subsequently entered adverse cost judgment. We find no reversible error in the points presented on appeal and affirm.
The central point on appeal concerns the ruling of the trial court in admitting in evidence, over objection, at trial certain testimony which is claimed to be a settlement offer. We have carefully and meticulously examined the authorities cited by both parties in their briefs and have further conducted extensive independent research of our own. In all, we have been cited to no authority and have found none which supports the proposition that the disputed evidence in this case was, in fact, a settlement offer and, therefore, inadmissible at trial; we decline to be the first court to so hold.
Without dispute, the defendants herein, through their private counsel, stated that they would “drop” criminal charges against the plaintiffs, an act which they were unauthorized to do, if the plaintiffs would sign a general release on claims which had not been made or discussed by anyone. We cannot view this statement as a routine offer to settle the instant action and, therefore, on that ground inadmissible because (a) such action was, at that time, neither pending nor contemplated, and (b) the defendants were, in any event, entirely unauthorized to make such a statement as only the state attorney may “drop” or nolle prosse a criminal case. In the Interest of S.R.P., 397 So.2d 1052 (Fla. 4th DCA 1981); State v. Braden, 375 So.2d 49 (Fla. 2d DCA 1979). We have no occasion, however, to address any other objections which might be made to the admissibility of the disputed statement as same were never made below or in this court; we hold only that the said statement was not barred from evidence as being a settlement offer.
The defendants also complain about certain comments made by plaintiffs’ counsel in his final argument to the jury. This point seems to be, in part, a restatement of its first point on appeal as part of the comments attacked refer to the above disputed evidence. Beyond that, however, we believe the point otherwise presents no reversible error. LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA), cert. denied, 359 So.2d 1216 (Fla.1978); Nelson v. Reliance Insurance Co., 368 So.2d 361, 362 (Fla. 4th DCA 1978).
Affirmed.