SHAHOOD, J.
The sole issue on appeal is whether the trial court erred in accepting appellee’s no contest plea in juvenile court, after appellant, State of Florida, had announced a nolle prosse in the case. We hold the trial court could not accept appellee’s plea and reverse.
The following proceedings took place before the trial court, prior to the court accepting appellee’s plea of no contest:
The Clerk: [R.J.], page 2.
The Child: Here.
*371 [Defense]: Judge, as to Mr. [J.], we’d like to enter an open plea of no contest.
[State]: Which case?
[Defense]: This is for 95-10059.
[State]: Judge, on that case the State’s going to announce a nol pros.
[Defense]: We’d like to enter the plea.
The Court: Pardon me?
[Defense]: We’d like to enter the plea, but—
[State]: State’s going to announce a nol pros on that case, Judge.
[Defense]: We’re trying to keep it down here. They are trying to file it up there, Judge.
[State]: It’s nol prossed.
The Court: I thought somebody said, “I’m going to enter a plea” before I heard a nol pros.
[Defense]: That’s what I heard, Judge.
The Court: Well, that’s the way I heard it. Madam reporter, how did you hear it?
The Reporter: The PD spoke first, Judge.
The Court: The PD spoke first.
[State]: Judge, we were called up on the case. I’m announcing a nol pros on Case No. 95-10059.
The Court: What are we going to do when a man walks up and said, “I want to plea”?
[State]: Judge, all our cases plea out, Judge. The State’s announced a nol pros.
The Court: But I mean before there was announcement of a nol pros, it’s my understanding he wanted to enter a plea.
[State]: Judge, as you know, I walked into the courtroom late. I was never approached on any of these cases. I didn’t know what the PD was planning. Had they spoken to me earlier, I could have told him. There’s no more case for him to plea out. The State has announced a nol pros.
[[Image here]]
The Court: Well, I was in the process of taking the plea when someone interrupted me and said nol pros. So where does that leave the Court?
[State]: I was not given an opportunity to speak at that point, Judge. I didn’t mean to interrupt you. I was just announcing a nol pros.
It is axiomatic that the decision to file a nolle prosse is vested solely in the discretion of the state.[1] See In the Interest of S.RP., 397 So.2d 1052 (Fla. 4th DCA 1981); State v. Braden, 375 So.2d 49 (Fla. 2d DCA 1979) (permission of the trial court is not necessary, because the decision to file a nolle prosse is within the sole discretion of the state). The state attorney may enter a nolle prosse of a count in the information at any time before a defendant’s plea of guilty is accepted by the court. See Cabrera v. State, 415 So.2d 898 (Fla. 3d DCA 1982). Everything which occurs in a proceeding subsequent to the filing of a nolle prosse by the state is a nullity. See Braden, 375 So.2d at 50.
In In the Interest of S.R.P., a juvenile claimed that the trial court erred in refusing to accept her plea of guilty to delinquency charges and in allowing the state to voluntarily dismiss those charges so that it could proceed against her by filing an Information in criminal court. This court upheld the trial court’s ruling, recognizing that the decision to file a nolle prosse is vested solely in the discretion of the state. See id. The court noted that the trial court merely recognized the state’s discretionary authority. See id.
In this case, the issue turns on whether the plea was accepted by the court prior to the state’s announcement of a nolle prosse.
*372 Florida Rule of Juvenile Procedure 8.080 sets forth specific steps that the trial court must comply with before accepting a plea of guilty or nolo contendere. The court must determine whether the plea is knowingly and voluntarily entered and that there is a factual basis for it. Further, the court should place the child under oath and address the child personally. No plea offer or negotiation is binding until it is accepted by the court after making all the inquiries, advisements, and determinations required by this rule. See Fla. R.Juv.P. 8.080(d).
Since no judicial action took place prior to the state’s announcement, the mere intention of the trial court to accept a plea is not sufficient to foreclose the state’s discretion to enter a nolle prosse. See Reyes v. Kelly, 224 So.2d 303, 303 (Fla.1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970).
Based on the record before us, we hold that the trial court was without authority to accept appellee’s plea of no contest after the state announced a nolle prosse in open court. We accordingly reverse and remand with directions to the trial court to vacate the imposition of sentence and direct the Clerk of the Court to amend its records to reflect the announcement of a nolle prosse by the state.
REVERSED AND REMANDED.
DELL, and GROSS, JJ., concur.

. Section 985.227(1), Florida Statutes (1997) provides that the state attorney is vested with discretionary authority to file an information and seek adult sanctions against a juvenile on charges that may also constitute the basis for a juvenile petition.