LAWSON, J.
Oscar Flores appeals from an order which granted his “motion for clarification,” but denied the relief which Flores sought. Flores requested an order vacating his sentence as illegal, arguing that the sole charge on which he was sentenced had been nolle prossed before his sentencing. Citing to the general rule that any action taken subsequent to the filing of the nolle prosequi is a nullity, Flores claims that he was sentenced illegally. We disagree, and affirm.
On February 6, 2003, Flores was charged in a four-count information with lewd or lascivious battery (count 1); lewd or lascivious molestation (count 2); lewd or lascivious exhibition (count 3); and lewd or lascivious conduct (count 4). All counts related to sexual activity between Flores, then a thirty-one year old male, and his thirteen year old niece. Pursuant to a plea agreement with the State, Flores entered a plea to count 2. The agreement provided that the State would nolle pros all remaining counts, and that Flores would be sentenced to fifty-one months in prison, followed by five years of sex offender probation. The judge conducted a thorough plea colloquy, accepted Flores’ plea, and set sentencing for three days later so that the victim could be present.
*1027 At sentencing, the State filed its nolle pros form before the judge imposed the agreed sentence. The form, however, erroneously purported to nolle pros counts 2, 3 and 4, instead of counts 1, 3 and 4. Apparently, no one noticed the error, and the judge simply imposed the agreed sentence on count 2, the charge to which Flores had pled three days earlier. In response to Flores’ motion below, the trial judge entered an order simply clarifying that the nolle pros was intended to apply to count 1, not count 2, and that Flores was properly sentenced on count 2.
Flores is correct in his recitation of the “general rule” that “any action taken subsequent to the filing of the nolle prosequi is a nullity.” Sadler v. State, 949 So.2d 303, 304 (Fla. 5th DCA 2007) (citations omitted). However, the State has no power to nolle pros a charge after jeopardy has attached. E.g., State v. Sokol, 208 So.2d 156 (Fla. 3d DCA 1968). Therefore, the State has no authority to nolle pros a charge after a jury is sworn, id., or after a judge accepts a plea to the charge. E.g., State v. R.J., 763 So.2d 370 (Fla. 4th DCA 1998); Cabrera v. State, 415 So.2d 898 (Fla. 3d DCA 1982). Because the judge had already accepted Flores’ plea to the charge in count 2, the State had no authority to nolle pros count 2 prior to sentencing. Therefore, the purported nolle pros of count 2 was itself a nullity, and the sentence entered on count 2 was legally imposed. The trial court properly denied Flores’ request to vacate his sentence as illegal and properly clarified that the nolle pros should have applied to count 1.
AFFIRMED.
THOMPSON and PALMER, JJ., concur.