CORTINAS, J.
 

 The State of Florida (“State”) seeks review of a trial court order denying its motion to modify appellee’s (“defendant”) probation to include mandatory electronic monitoring, pursuant to Section 948.30(8), Florida Statutes. We reverse.
 

 On September 6, 2005, defendant was charged with fleeing and attempting to elude a police officer (count 1) and resisting a police officer (count 2). On April 3, 2007, defendant pled guilty to both of these charges. The trial court suspended defendant’s sentence as to count 2 and placed defendant on probation as to count 1. On May 15, 2007, the State filed a motion to modify probation stating that defendant met the statutory criteria for mandatory electronic monitoring, pursuant to § 948.30(3), because defendant had been previously designated a sexual predator on September 9, 1999, following his convictions for lewd and lascivious assault on a child and for sexual battery on a helpless victim. On May 30, 2007, the trial court denied the motion finding that it could not impose electronic monitoring on defendant because § 948.30(3) was limited to sexual offense cases.
 

 Generally, the interpretation of a statute is purely a legal matter subject to de novo review.
 
 Kephart v. Hadi,
 
 932 So.2d 1086, 1089 (Fla.2006). In interpreting a statute, legislative intent is the “polestar” that guides a reviewing court in its analysis.
 
 Borden v. East-European Ins. Co.,
 
 921 So.2d 587, 595 (Fla.2006). We initially determine legislative intent by construing the statutes plain and ordinary
 
 *387
 
 meaning.
 
 Joshua v. City of Gainesville,
 
 768 So.2d 482, 435 (Fla.2000) (“When interpreting a statute and attempting to discern legislative intent, courts must first look at the actual language used in the statute.”). If a statute is clear and unambiguous, we will not expand our analysis and look beyond the statutes plain language or resort to rules of statutory construction.
 
 Daniels v. Fla. Dept. of Health,
 
 898 So.2d 61, 64 (Fla.2005) (“In such instance, the statute’s plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent.” (citing
 
 State v. Burris,
 
 875 So.2d 408, 410 (Fla.2004))).
 

 In the instant case, the trial court erroneously denied the State’s motion to modify defendant’s probation to include mandatory electronic monitoring. The court incorrectly concluded that mandatory electronic monitoring was limited to sexual offense cases and that, since defendant was convicted for fleeing and attempting to elude a police officer, it could thus not impose on defendant mandatory electronic monitoring. Section 948.30(3) provides, in pertinent part:
 

 Effective for a probationer or community controllee whose crime was committed on or after September 1, 2005, and who ... (b) Is designated a sexual predator pursuant to s. 775.21 ... the court must order, in addition to any other provision of this section, mandatory electronic monitoring as a condition of the probation or community control supervision.
 

 Fla. Stat. § 948.30(3)(b) (2007) (emphasis added).
 

 Crime, as stated in § 948.30(3), is defined as a felony or misdemeanor. Fla. Stat. § 775.08(4) (2007) (“When used in the laws of this state ... (4) The term ‘crime’ shall mean a felony or misdemeanor.”); 15A Fla. Jur.2d
 
 Criminal Law
 
 § 2943 (2008) (“The term ‘crime’ means a felony or misdemeanor.” (citing Fla. Stat. § 775.08(4))).
 

 Clearly, defendant was convicted and placed on probation for fleeing and attempting to elude a police officer, which he committed on September 6, 2005. Fleeing and attempting to elude a police officer is a second-degree felony under Section 316.1935(3), Florida Statutes. Defendant essentially argues that the phrase, “whose crime was committed,” in § 948.30(3) only refers to defendants who commit sexual offenses. This argument is without merit, given that § 775.08(4) explicitly provides that “crime,” as referenced in Florida law, means a felony or misdemeanor.
 
 See
 
 Fla. Stat. § 775.08(4). Therefore, defendant meets the initial requirements of § 948.30(3), since he committed a “crime” after September 1, 2005.
 
 See
 
 Fla. Stat. § 948.30(3).
 

 Moreover, defendant was previously convicted of lewd and lascivious assault on a child, pursuant to Section 800.04, Florida Statutes, and of sexual battery on a helpless victim, pursuant to Section 794.011, Florida Statutes. As a result of these convictions, defendant was designated a sexual predator, pursuant to Section 775.21, Florida Statutes. Therefore, defendant has met the clear and unambiguous requirements of § 948.30(3)(b), namely his current felony conviction and sexual predator status. By the plain language of § 948.30(3)(b), as applied to defendant, the trial court should have granted the State’s motion to modify defendants probation to include mandatory electronic monitoring.
 
 See
 
 Fla. Stat. § 948.30(3)(b).
 

 Reversed and remanded.