SHEPHERD, J.
After the defendant, Sameer Muhammad, was found by a jury guilty of organized scheme to defraud $50,000 or more and four counts of grand theft, the State elected to have the defendant adjudicated and sentenced to the four counts of grand theft and nolle pressed his conviction of organized fraud to comply with double jeopardy principles. As stated in Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006), “double jeopardy principles preclude convictions for both grand theft and organized fraud based upon the same conduct.” When dual convictions are impermissible, the conviction for the lesser crime should be set aside. Id. In this case, grand theft is a lesser offense of organized fraud. See id. at 1207. Thus, the defendant’s four convictions of grand theft should have been set aside and the trial court should have adjudicated and sentenced the defendant on the organized fraud conviction. The State’s election to nolle pros the defendant’s organized fraud conviction after the jury returned a verdict is a nullity and shall have no effect upon remand. See Flores v. State, 958 So.2d 1026, 1027 (Fla. 5th DCA 2007) (“The State has no power to nolle pros a charge after jeopardy has attached. Therefore, the State has no authority to nolle pros a charge after a jury is sworn.”).
We find no merit on any of the other issues raised in this appeal.
Affirmed in part, and reversed in part with directions to vacate the defendant’s convictions for the lesser included offenses of grand theft and to sentence the defendant on the organized fraud conviction.