IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

AMANDA LYNN MANATA,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1925

Opinion filed March 2, 2016.

An appeal from an order of the Circuit Court for Duval County.
Mark J. Borello, Judge.

Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant; Amanda Lynn Manata, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     The appellant appeals her convictions for one count of organized scheme to defraud and one count of grand theft, entered after an open plea to the charges. For the reasons discussed below, we affirm the appellant's conviction for organized scheme to defraud, but reverse and remand for the trial court to vacate the

appellant's conviction for grand theft and to resentence the appellant on the organized scheme to defraud conviction.

Convictions for both grand theft and scheme to defraud violate double jeopardy when both "are based on common allegations." Saddler v. State, 921 So. 2d 777 (Fla. 1st DCA 2006). Here, both crimes were based on the same allegations that the appellant stole money from her employer by writing checks to herself between March 20, 2014, and September 4, 2014. Thus, we reverse and remand for the trial court to vacate the appellant's conviction and sentence for grand theft, see Pizzo v. State, 945 So. 2d 1203, 1207 (Fla. 2006) (holding that grand theft was a lesser offense of organized fraud, for double jeopardy purposes, requiring reversal of grand theft convictions), and to resentence the appellant on the remaining organized scheme to defraud count. See Anucinski v. State, 148 So. 3d 106 (Fla. 2014) (holding that appropriate remedy for defendant improperly convicted of both theft and dealing in stolen property is to remand for court to vacate one of the sentences and to resentence the defendant on the remaining count); Gonzalez v. State, 123 So. 3d 691 (Fla. 4th DCA 2013) (reversing conviction and sentence on double jeopardy grounds and remanding for circuit court to resentence the defendant on the remaining count).

AFFIRMED in part, REVERSED AND REMANDED in part, for proceedings consistent with this opinion.

ROBERTS, C.J., MAKAR and OSTERHAUS, JJ., CONCUR.