# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-372
Lower Tribunal Nos. 14-13477, 14-13480, 14-22837, 15-1546 & 15-9420

_____


**Ibes Gomez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Stacy Glick, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.


Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

The defendant, Ibes Gomez, entered into an open plea wherein he pled guilty to the charges brought by the State in five separate cases. In this appeal, the defendant contends that his convictions for the some of the offenses violate the prohibition against double jeopardy, requiring correction of the judgments in three of the cases: 14-22837, 15-1546, and 15-9420, and resentencing as to all five cases. Specifically, he contends that his convictions for organized fraud and grand theft violate double jeopardy and that his convictions for uttering a worthless check and grand theft also violate double jeopardy. We conclude that the defendant's double jeopardy argument as to organized fraud and grand theft in case numbers 14-22837 and 15-1546 is well-taken. We therefore reverse and remand with specific instructions to vacate the grand theft convictions in case numbers 14-22837 and 15-1546 and to resentence the defendant based on a corrected scoresheet. We affirm in all other respects.

## I. **FACTS**

The defendant was charged by information as follows:[1]

> **Lower Case No. 14-13477**—five counts of obtaining merchandise by means of a worthless check ($150 or more), third degree felonies, in violation of section 832.05(4).

> **Lower Case No. 14-13480**—five counts of obtaining tires by means of a worthless check ($150 or more), third degree felonies, in violation of section 832.05(4).

---

[1] The counts within each case number were based upon the same conduct.

2

**Lower Case No. 14-22837**—Count 1: first degree grand theft, a first degree felony, in violation of sections 812.014(1) and (2)(a); Count 2: organized fraud ($50,000 or more), a first degree felony, in violation of section 817.034(4)(a)1.; and Counts 3-6: uttering a worthless check ($150 or more), third degree felonies, in violation of section 832.05(2).

**Lower Case No. 15-1546**—Count 1: third degree grand theft, a third degree felony, in violation of section 812.014(2)(c); Count 2: organized fraud ($20,000 or less), a third degree felony, in violation of section 817.034(4)(a)3.; and Count 3: uttering a worthless check ($150 or more), a third degree felony, in violation of section 832.05(2).

**Lower Case No. 15-9420**—Count 1: third degree grand theft, a third degree felony, in violation of section 812.014(2)(c); and Counts 2-5: uttering a worthless check/issue ($150 or more), third degree felonies, in violation of section 832.05(2).

The defendant moved for a downward departure based on a gambling addiction not related to substance abuse requiring specialized treatment. Thereafter, the defendant entered an open plea to the court as to all counts in the five cases. During the plea colloquy, the defendant waived "his right to appeal any of the trial court's rulings," but did not expressly waive his right to appeal any double jeopardy violations. The trial court accepted the defendant's guilty plea, adjudicated the defendant guilty, and deferred sentencing.

At the sentencing hearing, the trial court denied the defendant's motion for a downward departure and sentenced the defendant to five years in prison for each count in each case, with each count in each case to run concurrently. The trial court, however, ordered that the five year sentences imposed in case number 14-

3

13480 run consecutive to the five year sentences imposed in case number 14-13477, and the five year sentences imposed in case number 14-22837 to run consecutive to the sentences imposed in case number 14-13480. Further, the sentences in case numbers 15-1546 and 15-9420 were ordered to run concurrently to the sentences imposed in case number 14-13477. Thus, the defendant was sentenced to a total of fifteen years in prison.[2]

## II. **ANALYSIS**

"A double jeopardy violation can be raised for the first time on appeal because it constitutes fundamental error." Holubek v. State, 173 So. 3d 1114, 1116 (Fla. 5th DCA 2015). "The general rule is that a plea of guilty and subsequent adjudication of guilt precludes a later double jeopardy attack on the conviction and sentence." Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994) (citing United States v. Broce, 488 U.S. 563, 569 (1989)). An exception to this general rule is "when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation." Novaton, 634 So. 2d at 609.

In the instant case, the parties agree that the defendant has met the first prong because his plea was an "open plea" to the court, not a bargained-for plea,

---

[2] The defendant does not challenge his convictions in case numbers 14-13477 and 14-13480, and therefore those convictions are affirmed.

4

see <u>Godfrey v. State</u>, 947 So. 2d 565, 567 (Fla. 1st DCA 2006) (holding that an "open plea" does not amount to a bargained-for plea), and the third prong because the defendant did not specifically waive his right to appeal a double jeopardy violation despite waiving his right to appeal any of the trial court's rulings. <u>See</u> <u>Holubek</u>, 173 So. 3d at 1116 (holding that "Holubek did not specifically waive his right to appeal a double jeopardy violation by generally waiving his right to appeal at the plea colloquy"). Thus, the primary issue before this Court on appeal is whether a double jeopardy violation is apparent from the record in case numbers 14-22837 and 15-1546.

"Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the <u>Blockburger</u>[3] test, as codified in section 775.021, Florida Statutes, to determine whether separate offenses exist." <u>McKinney v. State</u>, 66 So. 3d 852, 854 (Fla. 2011) (footnote in original; citation omitted). Section 775.021(4), Florida Statutes (2016), provides as follows:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
> (b) The intent of the Legislature is to convict and sentence for

---

[3] <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S. Ct. 180, 76 L.Ed. 306 (1932).

5

each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

 1. Offenses which require identical elements of proof.

 2. Offenses which are degrees of the same offense as provided by statute.

 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

In case numbers 14-22837 and 15-1546, the defendant was adjudicated guilty of both grand theft under section 812.014 and organized fraud under section 817.034(4)(a).  The State acknowledges that dual convictions for both grand theft and organized fraud have been held to violate double jeopardy.  See Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006) (holding that "double jeopardy principles preclude convictions for both grand theft and organized fraud based upon the same conduct"); Muhammad v. State, 99 So. 3d 964, 964 (Fla. 3d DCA 2011) (relying on Pizzo and holding that double jeopardy principles prohibit convictions for both grand theft and organized fraud).

The State, however, argues that the defendant's dual convictions may be permissible pursuant to an exception set forth in section 817.034(4)(c) of the Florida Communications Fraud Act,[4] which permits separate judgments and

_____

[4] The Florida Communications Fraud Act sets forth two separate offenses— "organized fraud" under section 817.034(4)(a) and "communications fraud" under section 817.034(4)(b).  Section 817.034(4)(a) provides:  "Any person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud[.]" Organized fraud can be either a first, second, or third degree felony depending on the value of the property. § 817.034(4)(a)1.-3.  Section 817.034(4)(b) provides:

sentences for the offenses of organized fraud under subsection (4)(a) and communications fraud under subsection (4)(b) "when all such offenses involve the same scheme to defraud." The State recognizes that the defendant was not charged with nor adjudicated guilty of communications fraud under section 817.034(4)(b), but argues that "[i]f the legislature intended the communications fraud to survive double jeopardy based upon the combination of organized fraud plus a qualifying communications fraud, the same intent should be applicable when grand theft (if committed by communication) is a necessarily lesser included offense of communications fraud; such is the case when the grand theft is committed by mail."

We are unpersuaded by the State's argument. Section 817.034(4)(c) does not expressly authorize separate judgments and sentences for organized fraud and grand theft, and we are not free to read something into a clear and unambiguous

---

"Any person who engages in a scheme to defraud and, in furtherance of that scheme communicates with any person with intent to obtain property from that person is guilty, for each such act of communication, of communications fraud[.]" Unlike organized fraud, communications fraud does not require that the person actually obtain property. Rather, for the offense of "communications fraud," it is sufficient that the person merely intends to obtain property while engaging in the scheme to defraud. Further, depending on the value of the property, the communications fraud can be either a third degree felony ($300 or more) or a first degree misdemeanor (less than $300). Further, the term "communicate," as utilized in section 817.034(4)(b), is defined as follows: "[T]o transmit or transfer or to cause another to transmit or transfer signs, signals, writing, images, sounds, data, or intelligences of any nature in whole or in part by mail, or by wire, radio, electromagnetic, photoelectronic, or photooptical system."

statute that is not there. English v. State, 191 So. 3d 448, 450 (Fla. 2016) (holding that when statutory language is clear and unambiguous, a court "need not look behind the statute's plain language or employ principles of statutory construction to determine legislative intent"); State v. Lacayo, 8 So. 3d 385, 386-387 (Fla. 3d DCA 2009) (holding that if a statute is clear and unambiguous, a court will not look beyond the statute's plain language or resort to statutory construction to determine legislative intent).

Accordingly, we conclude that the defendant's convictions for grand theft and organized fraud violate the prohibition against double jeopardy, and therefore, as instructed by the Florida Supreme Court in Pizzo, we are required to order that the defendant's grand theft convictions be vacated as the "lesser offenses" of organized fraud in case numbers 14-22837 and 15-1546. As the Florida Supreme Court explained in Pizzo:

> In distinguishing lesser offenses from greater offenses when faced with a double jeopardy violation, this Court has stated that based upon section 775.021(4), lesser offenses are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial. Further, section 775.021(4)(b)(3) itself states that lesser offenses are "the statutory elements of which are subsumed by the greater offense." Therefore, the statutory elements of the lesser offense must be subsumed by the statutory elements of the greater offense in order for it to be considered the lesser offense in the double jeopardy context.
> . . . .
> . . . [A]ll of the elements of grand theft are included in the offense of organized fraud. However, organized fraud contains an element that is not an element of grand theft, namely "a systematic,

8

ongoing course of conduct with the intent to defraud or take property." Because organized fraud includes all of the elements of grand theft as well as an additional element, grand theft is a lesser offense of organized fraud. Therefore, the Second District should have vacated Pizzo's grand theft convictions as lesser offenses of Pizzo's organized fraud conviction.

Pizzo, 945 So. 2d at 1206-07 (internal quotation marks and citations omitted); see also Muhammad, 99 So. 3d at 964; Raines v. State, 19 So. 3d 331, 333 (Fla. 2d DCA 2009) (holding that because Raines entered into an open plea to the court, not a negotiated plea, "the State cannot choose to 'withdraw' from a plea agreement on remand because no such agreement exists, and accordingly the proceedings on remand are not within the State's discretion").

Almost a decade after the Florida Supreme Court decided Pizzo, it issued its opinion in State v. Tuttle, 177 So. 3d 1246 (Fla. 2015). In Tuttle, the Florida Supreme Court addressed a situation where the "lesser offense" has a greater penalty than the "greater offense,"[5] and held as follows: "[W]e hold that when a defendant is found guilty for two offenses and adjudication of the defendant as guilty for both offenses would violate double jeopardy and section 775.021(4)(b)3., the lesser offense as defined by Pizzo should be vacated." We are, therefore,

---

[5] In the instant case, the defendant's scoresheet reflects that in case number 14-22837, the first degree grand theft was scored as the primary offense as a Level 7 offense. As this offense is being vacated, the defendant's offense for organized fraud ($50,000 or more) in case number 14-22837 will become the primary offense. The scoresheet before this Court also reflects that organized fraud ($50,000 or more) is a Level 6 offense. However, it is actually a Level 7 offense.

required to order that the grand theft convictions in case numbers 14-22837 and 15-1546 be vacated based on <u>Pizzo</u> and the majority opinion in <u>Tuttle</u>, rather than allowing the State to elect whether to vacate the grand theft or organized fraud convictions in these two cases.[6]

## III. <u>CONCLUSION</u>

In conclusion, the defendant's convictions for grand theft and organized fraud in case numbers 14-22837 and 15-1546 violate the prohibition against double jeopardy, and thus his convictions for grand theft in these two cases must be vacated upon remand. Because the deletion of these convictions will affect the scoring of the defendant and may affect the sentencing decision of the trial court, we also remand for the preparation of a corrected scoresheet and the resentencing of the defendant at which the defendant shall be present. <u>See</u> <u>Fernandez v. State</u>, 199 So. 3d 500, 502 (Fla. 2d DCA 2016) ("Regardless of whether the sentence is being imposed following a trial, entry of a plea, or pursuant to a resentencing proceeding, an accurate scoresheet must be prepared to inform and guide the court

---

[6] The defendant argues that his convictions for uttering a worthless check and grand theft in case numbers 14-22837, 15-1546, and 15-9420 violate the prohibition against double jeopardy. As we have already concluded that the grand theft convictions in case numbers 14-22837 and 15-1545 must be vacated, the defendant's double jeopardy argument as to grand theft and uttering a worthless check relates at this point only to case number 15-9420. Without further discussion, we find meritless the defendant's contention that his convictions for uttering a worthless check and grand theft violate double jeopardy. Thus, in case number 15-9420, we affirm the defendant's convictions for both grand theft and uttering a worthless check.

in making its sentencing decision.").  We affirm in all other respects.

Affirmed in part; reversed in part; and remanded with instructions.