OPINION GRANTING MOTION FOR CLARIFICATION, WITHDRAWING OPINION ON MOTION TO ENFORCE MANDATE, AND GRANTING MOTION TO ENFORCE MANDATE
PER CURIAM.
The appellant filed a motion .for clarification asking this court to clarify its “Opinion on Motion to Enforce Mandate,” filed on April 28, 2017. We grant the motion to clarify, withdraw the “Opinion on Motion to Enforce Mandate” filed on April 28, 2017, and issue this opinion in its place.
The appellant was convicted of organized scheme to defraud and grand theft. On appeal, this Court held that her convictions for both crimes violate double jeopardy principles, and ordered the lower court to vacate the grand theft conviction. Manata v. State, 213 So.3d 973 (Fla. 1st DCA 2016). We also affirmed the conviction for organized scheme to defraud, but remanded for the limited purpose of resentencing on that count. Id. Instead, at the State’s request the trial court resentenced the appellant on the grand theft conviction, and the State entered a nolle prosse on the organized scheme to defraud conviction. As numerous courts, including this one, have held:
When an appellate court issues a mandate, compliance with the mandate by the circuit court is purely a ministerial act. The circuit court does not have the authority to modify, nullify or evade that mandate.
Huffman v. Moore, 834 So.2d 300 (Fla. 1st DCA 2002) (citations omitted). Thus, we grant the motion to enforce mandate and direct the trial court to quash the order resentencing the appellant on the grand theft. The trial court is again directed to vacate the appellant’s conviction and sentence for grand. theft and to resentence her for the organized scheme to defraud conviction. The Staté’s nolle prosse of the appellant’s conviction for organized scheme to, dfefraud is a nullity, and shall have ho effect on remand. See Muhammad v. State, 99 So.3d 964 (Fla. 3d DCA 2011); Flores v. State, 958 So.2d 1026, 1027 (Fla. 5th DCA 2007) (“The State has no power to nolle pros a charge after jeopardy has attached. Therefore,' the State has no authority to nolle pros a charge after a jury is sworn.”).
ROBERTS, MAKAR, and OSTERHAUS, JJ., CONCUR.