DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

STEVEN JAMES ALDACOSTA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1620

_____

March 18, 2026

Appeal from the Circuit Court for Sarasota County; Thomas W. Krug,
Judge.

Blair Allen, Public Defender, and Kathleen D. Kirwin, Special Assistant
Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Marena S. Ramirez,
Assistant Attorney General, Tampa, for Appellee.


PER CURIAM.

    Affirmed.


SILBERMAN and MORRIS, JJ., Concur.

LaROSE, J., Concurs specially with opinion.

LaROSE, Judge, Specially concurring.

I concur in the per curiam affirmance of Steven James Aldacosta's judgment and sentences for traveling to meet a minor (Count II) and attempted lewd or lascivious battery (Count III). I write to discuss the State's presumed authority to nolle prosse a charge after the jury has returned a verdict.

In addition to the convictions on Counts II and III, the jury returned a guilty verdict on a charge of use of a computer to seduce, solicit, or entice a child to commit a sex act (Count I).

The parties and the trial court immediately realized that conviction violated double jeopardy. *See Shelley v. State*, 134 So. 3d 1138, 1141-42 (Fla. 2d DCA 2014), *approved*, 176 So. 3d 914, 917-20 (Fla. 2015). The State announced a quick fix; it nolle prossed Count I.

No one objected. All believed the State's action was sufficient to resolve the double jeopardy problem. In my view, this approach created a mare's nest to unravel.

"The words 'nolle prosequi'[1] are a Latin expression which translated literally mean 'to be unwilling to prosecute.' " *Wilson v. Renfroe*, 91 So. 2d 857, 859 (Fla. 1956); *see also Nolle Prosequi, Black's Law Dictionary* (12th ed. 2024) ("Also termed (in slang) *no-paper*.").

The State possesses wide discretion in exercising a nolle prosse. After all, " '[t]he decision to file a nolle prosse is within the sole discretion of the [S]tate,' and a nolle prosequi is self-executing." *Spicer v. State*, 318 So. 3d 1269, 1270 (Fla. 2d DCA 2021) (second alteration in original) (first quoting *State v. Braden*, 375 So. 2d 49, 50 (Fla. 2d DCA 1979); and then citing *State v. Aguilar*, 987 So. 2d 1233, 1235 (Fla. 5th DCA 2008)).

---

[1] " '*Nolle pros*,' [is] a shortened form of the Latin phrase '*nolle prosequi*' . . . ." *Jones v. Warden, Buckingham Corr. Ctr.*, No. 7:22cv00685, 2025 WL 938146, at *2 n.3 (W.D. Va. Mar. 27, 2025).

The State's discretion to nolle prosse a charge, however, is not unbridled. Indeed, the State may not nolle prosse a charge after the jury is sworn and jeopardy has attached. *See, e.g., State v. Oliff*, 396 So. 3d 804, 805 (Fla. 1st DCA 2024) ("[A] nolle prosequi may be filed at any time prior to the swearing in of the jury." (quoting *State v. Kahmke*, 468 So. 2d 284, 285 (Fla. 1st DCA 1985))); *Aguilar*, 987 So. 2d at 1234-35 ("At common law the State has the discretion to announce a nolle prosequi at any time prior to the swearing of the jury to try the cause.").

As particularly relevant to Mr. Aldacosta's Count I conviction, the State may not nolle prosse a conviction following return of the jury's verdict. *See Muhammad v. State*, 99 So. 3d 964, 964 (Fla. 3d DCA 2011) ("The State's election to nolle pros the defendant's organized fraud conviction after the jury returned a verdict is a nullity . . . .").

As noted above, Mr. Aldacosta did not object. Nor did appellate counsel challenge the State's action. Thus, we cannot remedy the State's overreach. *See Bainter v. League of Women Voters of Fla.*, 150 So. 3d 1115, 1126 (Fla. 2014) (" 'Basic principles of due process'–to say nothing of professionalism and a long appellate tradition–'suggest that courts . . . ought not consider arguments outside the scope of the briefing process.' " (quoting *Powell v. State*, 120 So. 3d 577, 591 (Fla. 1st DCA 2013))); *Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) ("An appellate court is 'not at liberty to address issues that were not raised by the parties.' " (quoting *Anheuser-Busch Co. v. Staples*, 125 So. 3d 309, 312 (Fla. 1st DCA 2013))).

My concerns are beyond academic. Because the State may not nolle prosse a charge after jeopardy attached, the State's nolle prosse of Mr. Aldacosta's Count I conviction is a nullity. *See Muhammad*, 99 So. 3d at 964. Thus, the State's feckless nolle prosse failed to totally cure

3

the double jeopardy problem. Seemingly, the conviction remains on the books. *See id.* (reversing in part with directions to vacate the defendant's convictions for the lesser included offenses of grand theft and to sentence the defendant on the organized fraud conviction). The parties may very well wish to seek relief through other means. *See* Fla. R. Crim. P. 3.190(c)(2) ("[T]he court may at any time entertain a motion to dismiss on . . . grounds . . . [t]he defendant is charged with an offense for which the defendant previously has been placed in jeopardy."); Fla. R. Crim. P. 3.850; Fla. R. App. P. 9.141(d).

Although no remedy will alter Mr. Aldacosta's incarceration on Counts II and III, apprising the trial court of this misstep may encourage litigants and trial courts to avoid the same pitfall. *Cf. Glanton v. State*, 415 So. 2d 909, 909 (Fla. 2d DCA 1982) ("[C]onviction for such a nonexistent crime is a nullity. Although this point was not raised below or argued on appeal, we think it only fair to apprise the trial court on remand that it may sentence appellant solely on a conviction of attempted burglary of a structure." (citation omitted)); *Muhammad*, 99 So. 3d at 964.

_____

Opinion subject to revision prior to official publication.